# Hunt *against* Devling.

The act of a father in making a division line in anticipation of a devise to his children, is competent evidence, in an ejectment between persons claiming under them.

The possession of the grantee of a *feme-covert* for a period sufficient to acquire title by the statute of limitations, and an intermediate conveyance by the sheriff, sufficiently vests her title; to which her conveyance, though executed when she was covert, was admissible as inducement.

An administrator may waive the inquisition and condemnation of the real estate of his intestate upon a *fieri facias.*

A devise to children of portions assigned them by a line marked on the ground by the devisor himself, must be taken to have been predicated in reference to such boundary, though it be not expressly referred to in the will; and it will consequently govern in preference to the quantity called for, which is matter of description.

ERROR to the common pleas of *Lycoming* county.

Roger Devling against Jane Hunt and others. Ejectment for fourteen acres 142 perches of land. Joseph Hunter the elder was the owner of a large tract of land, containing about two hundred acres, which in his lifetime, in 1797, he divided by a line run across the tract; he put his son, Jesse Hunt, in possession of one of the parts, and another of his children, Joseph Hunt, in possession of one-half of the other part. He then made his will as follows:

*Item.*—" I give my son, Joseph Hunt, fifty acres, on the Bald Eagle place, on the western side of the same place, up the Bald Eagle Creek, it being part upon which my son Joseph now resides or farms.

" I leave and bequeath unto my son Jesse Hunt, one hundred acres of land off the upper place adjoining the west branch of the Susquehanna, he paying his sister Mary 100*l.*, &c.

" I give my daughters Anne Hunt and Hannah Hunt, fifty acres between them off the upper plantation, to be on the east side, of

land bequeathed to my son Joseph Hunt, on the Bald Eagle, to be equal in quantity and quality when they arrive at twenty-one years of age."

The devise to Jesse Hunt became duly vested in Roger Devling, the plaintiff. Upon actual measurement of land, as divided by the testator himself, it appeared that the part into the possession of which he put his son Jesse, in fact contained 113 acres 154 perches; the other part 97 acres 29 perches. The land in dispute was that which would equalize the parts in quantity.

On the trial the plaintiff offered to give evidence of the act of the father, Joseph Hunt, in running and making the division. The defendant objected to it, and the court overruled the objection, and sealed a bill of exception.

Plaintiff offered to prove that Sebastian Shade deserted his wife, Hannah, and left the state, leaving her unprovided for. That during such desertion, and after a lapse of several years, she sold the land in question, *bona fide*, for a valuable consideration, and executed a deed on the 7th of September 1809, to the purchaser Francis Forgus, which was acknowledged and placed on record the 7th day of September, A. D. 1809; that possession of the land was taken by Forgus, in pursuance of the deed. And this to be followed by a record of the judgment in the common pleas of Lycoming county, to December 1820, No. 85, in favour of Jesse Hunt, executor of Joseph Hunt, deceased, *v.* Francis Forgus's administrator, and proceedings had thereon by due course of law, vesting the title to the land in the present plaintiff, Roger Devling, as purchaser at sheriff's sale; and further a continued uninterrupted possession by Francis Forgus and those claiming under him, from 1809, for upwards of 25 years.

Defendants object to the deed so far as Hannah Shade's interest is concerned, because she appears to have been a married woman at the time.

The court admitted the evidence. Defendants excepted.

In the course of giving the evidence in the above offer it appeared that the land had been levied by the sheriff as the property of Francis Forgus, deceased, and that the only condemnation of it was by an agreement to that effect of his administrator. It was objected to on this ground, but the court overruled the objection.

The principal question in the cause was, whether the designation of the parts made by Joseph Hunt in his lifetime, the possession of those parts as designated by his children, taken together with the will, should prevail over the inequality of quantity.

*Lewis*, president, directed the jury that under the evidence in the cause, the plaintiff was entitled to recover, and they found a verdict accordingly.

*Parsons* and *Armstrong*, for plaintiff in error.
*Anthony* and *Campbell*, for defendant in error.

[Hunt v. Devling.]

PER CURIAM.—The exceptions to evidence have not been earnestly pressed; nor could they be with a hope of success.   The act of Joseph Hunt, the father, in marking a line of division betwixt his children in possession before he devised their portions to them, was certainly evidence of boundary.   The possession of the grantee of his daughter Hannah Shade, for a period sufficient to acquire a title by the statute of limitations, and the intermediate conveyance from the sheriff to the plaintiff, sufficiently vested her title in him, to which her conveyance, though executed when she was covert, was admissible as inducement.   Most of the remaining exceptions depend on the power of an administrator to waive the condemnation of land levied on a judgment against him; of which it is impossible to doubt when it is considered that land is treated and sold as a chattel for payment of debts.   It would be strange, therefore, if he, who may affect it by the confession of a judgment, could not affect it by a much less decisive act.   The heir, by our practice, is not known as a party on the record.   In relation to the other bills, it is sufficient to say that the possession of the parties in reference to the line on the ground, was admissible; but that their declarations of quantity were inadmissible.

The charge was in substance correct.   A devise to children of portions assigned them by a line marked on the ground by the devisor himself, must be taken to have been predicated in reference to such boundary, though it be not expressly referred to in the will; and it will consequently govern in preference to the quantity called for, which is matter of description.   But the recognition of this line by the devisee or those who claim under them, would itself be conclusive.   A line fixed as a permanent boundary by those who do not exactly know their rights, and who profess to act on that supposition, is fixed in the very spirit of compromise.   It is what we call a consentable line, peculiarly sacred in cases of family arrangement, which requires not the previous existence of a flagrant contest in addition to the act of the parties, to constitute it.   But the occupants have since held in conformity to it by adverse possession for more than one and twenty years, and they are reciprocally barred by the statute of limitations.   The court did right, therefore, not to leave the question to the jury as an open one.

Judgment affirmed.