## Sample *versus* Barr.

The 34th section of the Act of 24th February, 1834, is a rule of *action*, and not of *lien*, to the creditors of a decedent.

Since the Act of 1834 the debt must be established against the widow, heirs, or devisees before it is levied on the real estate of the decedent, whether the sale be made before or after the expiration of five years from the death of the decedent.

The object of the provision is to enable the widow and heirs, or devisees, to contest the *debt*, and not the *lien*, of the creditor.

The rule is equally obligatory upon the creditor where the estate has been devised subject to the payment of debts; and a sale without a compliance with the Act in this respect, will confer no title on the purchaser.

*Quære*, Whether a waiver of inquisition on real estate, by an executor or administrator, since the Act of 1834, will authorize a sale?

ERROR to the Common Pleas of *Armstrong county*.

This was an action of ejectment at the suit of James Barr and others, heirs of James Barr, deceased, against James Sample and others, to recover the possession of a tract of land containing 100 acres. The parties agreed upon the following case stated, with liberty to either party to sue out a writ of error.

James Barr, the father of the plaintiffs, died on the 15th day of August, 1833, seised of the land in dispute. He made a will on the 26th of September, 1832, which was proved and registered on the 24th of August, 1833, by which he devised the land in dispute to his sons, James and David Barr, the plaintiffs. That David Barr, one of the executors named in the said will, was the brother of the testator, and not the son, who is the plaintiff in this case.

That part of the real estate of the testator which was devised by the testator to be sold by the executors for the payment of debts, not including the land in dispute, was sold and applied to the payment of debts.

Alexander Colwell obtained a judgment against the executors of James Barr, deceased, before a justice of the peace, on the 19th day of January, 1835, which judgment was entered on the records of the Court of Common Pleas of Armstrong county, on the 28th of January, 1835, to No. 111, December Term, 1834, on which a *scire facias* was issued to No. 40, March Term, 1836, against the executors alone; and on the 15th of February, 1836, the executors confessed a judgment thereon. A *fieri facias* was issued on this judgment to No. 194, March Term, 1836, on which writ the land in dispute was levied on by the sheriff, and inquisition was waived by the executors, by writing filed. A *venditioni exponas*, to No. 8, June Term, 1836, was issued, and the land in dispute was sold thereon to James Sample, the defendant, for the sum of

[Sample *v.* Barr.]

$355; and a sheriff's deed was executed, acknowledged, and delivered to him for the same by sheriff Huchinson.

David Barr, one of the executors of James Barr, deceased, filed an account of his administration of said testator on the 15th day of February, 1836, and a supplemental account on the 12th day of May, 1840, both of which were confirmed by the Orphans' Court of Armstrong county; and both of which accounts, with the papers and vouchers connected therewith, and the appraisement and vendue lists of said estate, are made part of this case stated.

The defendant has been in possession of the land in dispute since the sheriff's sale aforesaid.

The will of the testator contained the following clause:—

"When my two sons, James and David, shall arrive at the age of twenty-one years, then my will is, that what part of my land should remain after payment of debts, be equally divided between them, share and share alike, subject to the maintenance of my four remaining daughters until they are of full age or marry," &c.

The Court below entered judgment for the plaintiffs on the case stated, and this was assigned for error in this Court.

*Foster*, for plaintiffs in error.—We admit that a sale made more than five years after the death of the decedent, without making the widow and heirs parties, would be void. But the Act makes all debts a lien on the estate of the decedent for five years; and his real estate is assets in the hands of his executors for the payment of those debts. The 24th section of the Act of 1834 provides that the debts shall be a *lien* for five years, but no longer, unless suit is brought. It is clear, from the 20th section of the Act, that the legislature did not intend that the creditor, within the five years, should proceed against the heirs or devisees. The administrator can sell within five years without notice to the heirs. Why not sell on the judgment?

The case of Atherton *v.* Atherton, 2 *Barr* 112, is the only case where a contrary doctrine was apparently held; but the point does not appear to have been made in that case. In the case of Warden *v.* Eichbaum, 2 *Harris* 121, the sale took place after the five years had expired.

But, under the devise, James and David, the devisees, held in trust for the creditors, and cannot raise this question.

The land was specially dedicated by the testator for the payment of his debts, and is governed by the principle of Alexander *v.* Murry, 8 *Watts* 55, and Steel *v.* Henry, 9 *Id.* 523.

That the executors could waive the inquisition, is settled by Hunt *v.* Devling, 8 *Watts* 403.

[Sample v. Barr.]

*Lee*, for defendant in error.—The recovery of the judgment would have no other effect than to extend the lien to ten years from the death of decedent: 2 *Pa. Rep.* 95; 2 *Watts* 53; 7 *Id.* 225; 2 *Harris* 44. But it creates no lien distinct from the debt; it merely extends that: 1 *Jones* 233. If ten years are permitted to elapse without bringing in the widow and heirs, the lien is gone and the land discharged.

Lands, though chattels for payment of debts, can only be made available in the manner prescribed in the Act: Act 21st March, 1806; 1 *Jones* 232. The 34th section of the Act of 1834 was not intended to point out the mode of continuing the lien, but the process of charging the land. The widow and heirs must have a day in Court, and a judgment *de terris* against them: 2 *Barr* 112; 8 *W. & Ser.* 165; 2 *Harris* 45. In the case in 7 *Harris* 390, it is explicitly declared that a sale on a judgment, in which the widow and heirs were not made parties, does not divest their title.

A purchaser at sheriff's sale takes all risk of the title: 9 *Ser. & R.* 397; 11 *Id.* 104.

The case of Hunt v. Devling, 8 *Watts* 403, which decided that a waiver of inquisition by an administrator was good, was before the Act of 1834, and before it was necessary to make the widow and heirs parties. Lands are now assets for payment of debts rather in their hands than of those of the administrator. Under the Act of 16th June, 1836, the waiver must be by the owner: 3 *Harris* 92; 8 *Watts* 422.

The opinion of the Court was delivered by

WOODWARD, J.—The argument of the plaintiff in error is fully answered by the remark that the 34th section of the Act of 1834, is a rule of action, and not of lien, to creditors of a decedent. There is nothing about lien in it. That is regulated by other provisions. But if a creditor means to enforce his lien, if he intends to charge the lands of the decedent, he shall bring in the widow and heirs, and for what? Not to contest his lien, but his debt; to demonstrate, if they can, that the decedent owed him nothing, and that, for *this* reason, he has no right to pursue the decedent's real estate. Debts, when established, are a lien; but, since the Act of 1834, they must be established against widows and heirs, as well as personal representatives, before they can be levied on real estate, and hence their right to contest the claim on original grounds, whether sued with the personal representatives, or brought in afterward by *scire facias*: 8 *W. & Ser.* 165; 2 *Barr* 112; 9 *W. & Ser.* 16. That a purchaser takes no estate where this rule has been disregarded, has been decided in many cases, and in McCraken v. Roberts, 7 *Harris* 395, was a conceded point. The estate in that case, as here, was devised subject to payment of debts. That is generally the case, but to assume the existence

[Sample *v.* Barr.]

of the debt, which the statute says shall be proved, and then to argue that the will devised only what remained after the payment of debts, is to sacrifice the statute to a *petitio principii.*

It is not necessary to decide the other question in this case. If it were, I should have grave doubts whether, since the legislation of 1834, executors could waive inquisition and confess condemnation, notwithstanding what was ruled in Hunt *v.* Devling, 8 *Watts* 403.

The judgment is affirmed.