Amanda Messmore to use of Kate Messmore v. Benjamin Williamson, heir and devisee of Archibald Morrison, deceased, who was an heir of Joseph Morrison, deceased, Appellant.

*Judgment—Revival of judgment—Parties—Practice, C. P.—Administrators.*

On a scire facias to revive a judgment entered originally against an administrator, an omission to make the administrator a party defendant in the scire facias is not fatal to the proceeding where it appears that the administrator was also an heir, and as such had been made a defendant; that he had full notice of the proceeding and was not complaining, and that in the body of the writ the parties to the judgment, its date, number and term all fully appeared.

On a scire facias to revive a judgment against an administrator so as to charge the lands of the decedent with the payment of his debts, it is not a fatal objection to the proceedings that a person is named in the writ as an intermediate heir through whom the interests of other heirs was derived.

*Estate—Definition of word " estate."*

While in its popular use the word " estate " includes both real and personal property, yet when used in a strictly technical sense it applies to realty only. Its proper and technical meaning is the degree, quantity, nature and extent of interest which a person has in real property.

*Judgment—Practice C. P.—Administrators.*

On a scire facias to revive a judgment against an administrator, where the heirs of the decedent are made parties defendant, any judgment rendered against the heirs will bind only the land in their hands as heirs, and cannot be enforced against them personally.

Argued Oct. 22, 1898. Appeal, No. 204, Oct. T., 1898, by defendant, Benjamin Williamson, heir and devisee of Archibald Morrison, deceased, from judgment of C. P. Greene Co., June T., 1896, No. 84, on verdict for plaintiff. Before GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Scire facias to revive judgment.

The writ was as follows:

"Whereas Amanda Messmore use of I. L. Messmore, on the 13th day of May, in the year of our Lord one thousand eight hundred and ninety-five, obtained judgment in our county court of common pleas of Greene county aforesaid, before our judges at Waynesburg, against John Morrison, administrator of the estate of Joseph Morrison, dec'd, late of your county, yeoman, as well for a certain debt of ten thousand two hundred ninety-six and $\frac{67}{100}$ dollars, lawful money of the United States, and interest thereon from May 7, 1895, as also dollars like money, which to the said plaintiff in our said court were awarded and adjudged for his damages which he sustained by occasion of the detention of the debt, whereof the said defendant, convict as appears to us of record, etc., at No. 128, January term, 1894. Yet the execution of said judgment will remain to be made, as we have been given to understand by said plaintiff who hath besought us to provide for him a proper remedy in that behalf, and we being willing that what is right in that behalf should be done.

"Therefore we command you, Mordecai Kent, sheriff, that by honest and lawful men of your bailiwick you make known unto John Morrison and Oliver Morrison, alias Hildebrand, Mary Hildebrand and Benjamin Williamson, heirs and devisees of Archibald Morrison, dec'd, who was an heir of Joseph Morrison, deceased, that they be and appear before our judges at Waynesburg, at our county court of common pleas, there to be held for said county, on the third Monday of June next, to show if anything for themselves they have or know to say why the judgment at No. 128, January term, 1894, should not be levied and paid out of the estates of said defendants, as heirs and devisees of the said Joseph Morrison, deceased; and further to do and receive what our said court shall in that behalf consider, and have you then and there the names of those by whom you shall make it known unto them and this writ.

"Witness the Honorable R. L. Crawford, president of our said court at Waynesburg, Pa., the 25th day of May, in the year of our Lord one thousand eight hundred and ninety-six.

"D. C. CUMPSTON,

"Prothonotary."

The return of service was as follows:

" Served the within writ May 29, 1896, personally on Benjamin Williamson, by producing the original, informing him of its contents, and giving unto him a true and attested copy of same.  So answers MORDECAI KENT, Sheriff,

" Per T. B. DINSMORE,

" Deputy."

CRAWFORD, P. J., charged as follows:

This proceeding is what is called a scire facias to revive a judgment, or a scire facias issued upon a judgment in this court, at No. 128, January term, 1894.   The judgment was entered in this court in favor of Amanda Messmore use, against John Morrison, administrator of the estate of Joseph Morrison, deceased, on May 13, 1895.   Now this proceeding is a scire facias on that judgment, and the plaintiff is Amanda Messmore now for use of Kate Messmore, and the defendant here is Benjamin Williamson, heir and devisee of Archibald Morrison, deceased, who was an heir of Joseph Morrison, deceased.   The original judgment was obtained against the estate or representative of Joseph Morrison.   It is contended that the land or property of Joseph Morrison passed to Archibald Morrison, and from Archibald Morrison to this defendant, and was subject to the payment of the debts of Joseph Morrison, deceased.   Now there seems to be no dispute that this piece of land did pass to this defendant from Joseph Morrison.   And the case only presents the legal question then as to whether under the evidence offered the plaintiff is entitled to recover here, or the plaintiff should have judgment on this scire facias.   And we take the view of the law that he is under all that has been shown here.

The plaintiff has requested us to instruct you as follows, which practically takes the case out of your hands and instructs you to return a verdict here for the plaintiff:

Under all the evidence in this case the verdict of the jury must be for the plaintiff, quod recuperet, for the sum of $12,134.63, to be levied of the lands and tenements which are in possession of and held by defendant, and owned in remainder, and which were of the lands and tenements of Joseph Morrison, deceased, subject to the payment of his debts at the time of his death.

Now that point, we think, is correct, and we affirm it, and under that instruction we direct the clerk to take your verdict

in accordance with the statement in that point.    The clerk will now take your verdict. [7]

Verdict and judgment for plaintiff for $12,134.63.    Defendant appealed.

*Error assigned* among others was (7) in affirming plaintiff's point as above, quoting it; (8) the form of the verdict, which followed plaintiff's point.

*F. W. Downey,* with him *R. F. Downey,* for appellant.—The administrator of Joseph Morrison should have been included in the scire facias as a party defendant, and filed the plea of nul tiel record: Day v. Sharp, 4 Wharton, 344; Richter v. Cummings, 60 Pa. 441; Hays v. Shannon, 5 Watts, 548.

The writ of scire facias called upon the defendant to show cause why the original judgment should not be levied and paid out of the estates of said defendants as heirs and devisees of Joseph Morrison, deceased.    The appellant claims that the writ is erroneous in that it should have used the term lands and tenements instead of estates: Act of February 24, 1834, sec. 34; 1 Pepper & Lewis's Dig. p. 1498; Stiles v. Brock & Co., 1 Pa. 215.

The verdict should have been restricted to the specific tract of land.    Now we think that it is good law that a verdict of a jury is good where it is for a less sum than that claimed, or against less property than is declared against.    But we also think that a verdict is bad for a greater amount than claimed, or against more property than is declared against, or where the issue passed upon by the jury is different from the one raised by the pleadings: 2 Bouvier's Law. Dict. p. 780.

*James E. Sayers,* for appellee.—The writ of scire facias may be treated as a narr: Templeton v. Shakley, 107 Pa. 370.

A scire facias is in substance a rule to show cause, although it is technically a writ: Steele v. Lineberger, 59 Pa. 312.

This being the office of the writ of scire facias in cases like Hayes v. Shannon and those cited, the decisions of this Court of a later date and under the act of 1834, have still further modified and defined the meaning of the writ and that act: Sample v. Barr, 25 Pa. 459; Shearer v. Brinley, 76 Pa. 300.

If, when the judgment is recovered within the five years after

the decedent's death, the lien of the debt should be held to continue for five years from the date of the judgment only, the vigilant creditor would be in a worse condition than a negligent one: Duncan v. Clark, 7 Watts, 224; 2 Trickett on Liens, sec. 510.

The appellant complains here: First, that John Morrison, administrator of Joseph Morrison, was not made a party, as such administrator, to the action at No. 84, June term, 1896, the present suit. To this we answer, that this act of 1834 was not intended to give nor does it give the right to be twice heard upon the one issue by the same person: Stewart v. Montgomery, 23 Pa. 412; Sample v. Barr, 23 Pa. 459; Steele v. Lineberger, 59 Pa. 312; Hays v. Shannon, 5 Watts, 549; Arrison v. Com., 1 Watts, 381; Black v. Wistar, 4 Dall. 267.

No exceptions can be taken to the validity of a judgment sought to be revived either for the purpose of execution or of lien, if it stand in substance and in form on the record as a judgment of the court: Davidson v. Thornton, 7 Pa. 128; Hopkins v. Stockdale, 117 Pa. 376.

The proceedings do not show any attempt to do other than bring into court the parties having the lands of Joseph Morrison in their possession, subject to the payment of the debts of Joseph Morrison at the time of his death. The pleadings and verdict show this. The judgment is merely one that execution may issue: Irwin v. Nixon, 11 Pa. 419; Grover v. Boon, 124 Pa. 399; Coyle v. Reynolds, 7 S. & R. 328; Nicholas v. Phelps, 15 Pa. 40.

OPINION BY MR. JUSTICE FELL, January 2, 1899:

The exceptions upon which the assignments of error are based rest on purely technical grounds, and were taken at the close of the trial when the opportunity for amendment had passed. The omission to make the administrator a party defendant in the scire facias to charge the lands of the decedent with the payment of his debts was not, under the facts of the case, fatal to the proceeding. The administrator was also an heir, and as such was made a defendant, and had full notice of the proceeding, and he is not here complaining. In the body of the writ the parties to the judgment, its date, number and term all fully appear. In his representative capacity the ad-

ministrator could have made no defense, for while the judgment is prima facie evidence only in a proceeding to charge the land, it is conclusive as to the personal estate: Sergeant's Heirs v. Ewing, 36 Pa. 156; Paul v. Grimm, 183 Pa. 330. If summoned he could not have defended in the interest of creditors or of the estate generally, and the omission to name him deprived the other defendants of no right. Nor is there any merit in the objection that Archibald Morrison is named in the writ as an intermediate heir through whom the interests of other heirs were derived. The clear purpose of the proceeding was to charge with his debts the real estate of Joseph Morrison, which was in the possession of his heirs or their devisees, and of this purpose the record throughout gave the fullest notice. It would have been better practice to have followed the words of the act of assembly in describing the estate to be charged, but the omission of the word "real" could have led no one to suppose that goods and chattels, and not lands and tenements, were meant. While in its popular use the word "estate" includes both real and personal property, when used in a strictly technical sense it applies to realty only. In Bouvier's Law Dictionary (1897) it is defined to be "the degree, quantity, nature and extent of interest which a person has in real property," and this is said to be the proper and technical meaning of the word.

The verdict was for the amount of the judgment "to be levied of the lands and tenements which are in possession of and held by the defendant and owned in remainder, and which were of the lands and tenements of Joseph Morrison, deceased, subject to the payment of his debts at the time of his death." This settled every possible doubt as to the nature and extent of the plaintiff's demand. There was no attempt to obtain a judgment which would bind the defendants personally, and no such attempt if made could have been successful. The defendants were brought into court that they might contest the debt, and any judgment rendered against them would bind only the land in their hands as heirs or devisees, and could not be enforced against them personally: Coyle v. Reynolds, 7 S. & R. 328; Sample v. Barr, 25 Pa. 457; Coulter v. Selby, 39 Pa. 358.

The judgment is affirmed.