## Easby's Petition

Argued October 27, 1936.

 Before
KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD,
PARKER, JAMES and RHODES, JJ. 

*Philip C. Pendleton* and *E. Wallace Chadwick,* for
appellants.

*John J. Stetser,* with him *Charles J. Margiotti,* At-
torney General, and *George W. Keitel,* Assistant Depu-
ty Attorney General, for appellee.

*Albert J. Williams,* County Solicitor, amicus curiae.

OPINION BY BALDRIGE, J., January 29, 1937:

The Act of 1927, April 27, P. L. 409, §§1, 2 (36 PS
§§571, 572), provides that the secretary of highways
is authorized, under certain conditions, to join two
or more state highways by a connecting road, and any
damage occasioned by the building thereof shall be
"paid in the same manner as is now provided by law
in the construction of State highways."

The only question before us is: Do the words "as
is now provided by law" mean that any damage oc-
casioned by the construction of a connecting road be-
tween two state highways shall be determined and
paid as provided by law at the time of the passage of

the statute, or when the statute is invoked? The learned court below adopted the first construction, and accordingly dismissed the petition of the appellants, owners of land appropriated, for the appointment of viewers to assess damages against the commonwealth.

When the Act of 1927, supra, was passed, the law provided that the county should pay damages resulting from the construction of state highways. (See section 16 of the Act of 1911, May 31, P. L. 468, as amended by the Acts of 1923, May 23, P. L. 341, and 1927, May 4, P. L. 692.) When the commonwealth entered upon the land, on March 25, 1935, the law imposed the payment of damages on the commonwealth. (See the Act of 1933, April 13, P. L. 41, amending the Act of 1923, supra, as amended January 2, 1934, 1933 Sp. Sess., P. L. 209, and 1935, July 12, P. L. 946, 36 PS §171).

We recognize the rule of statutory construction that "where the reference in an adopting statute is to the law generally which governs the particular subject, and not to any specific act or part thereof designated in the adopting act, the reference means the law at the time the exigency arises as to which the law is to be applied:" *Guenthoer's Est.*, 235 Pa. 67, 74, 83 A. 617.

This rule is not applicable to the Act of 1927, supra, as the act does not refer to the law generally, but states definitely that damages shall be paid under the law existing at the time of its passage. As the learned court below said: "If the Act had stated that the damages 'shall be determined and paid as . . . . . . provided by law in the construction of state highway,' it would be a clear reference to the law generally, in which case it would mean the law as it exists at the time the damage is done or the exigency arises."

If we accept the appellants' construction, that this statute means that damages shall be paid as provided by law at the time the statute is invoked, we must ignore the word "now," which would be contrary to

the general rule that no words of a statute are to be excluded from consideration or held meaningless unless no other construction is reasonably possible: *Reinbold v. Com.*, 319 Pa. 33, 179 A. 571; Endlich on Statutes (1888) p. 11, §7.

The appellee and the learned court below relied on *Merritt v. Whitlock*, 200 Pa. 50, 49 A. 786, which was a suit by a purchaser to obtain possession of real estate after its sale to him under an order of the orphans' court, and involved the interpretation of the Act of April 9, 1849, P. L. 527. The court said (p. 54): "The suit was brought under the authority of the Act of April 9, 1849, P. L. 527, but before one justice of the peace. The act of 1849 authorizes proceedings 'in the same manner as now provided in relation to purchasers at sheriff's sales.' The proceedings then provided in such case, were before two justices under the act of 1836. When the act of 1878 amended the act of 1836 it did not necessarily amend the act of 1849. It is probable that the omission was an oversight, but even if so we cannot correct it without striking out or refusing effect to the word 'now' in the act of 1849. These proceedings are therefore void for want of jurisdiction at their inception."

That case, in our judgment, is a correct guide to a proper construction of the Act of 1927.

The appellants rely on *Kugler's Appeal*, 55 Pa. 123; *Vernon Park*, 163 Pa. 70, 29 A. 972; *Guenthoer's Est.*, supra; *Loyalsock Twp. Road*, 26 Pa. Superior Ct. 219; and *Com. v. Phila. Auction Co.*, 51 Pa. Superior Ct. 166. Those cases are distinguished from the instant case, as there was no expression in any statute under consideration which showed an intention on the part of the legislature to limit the scope of the act to the law as it existed at the time the statute was enacted.

The legislature, by the Act of 1935, June 11, P. L. 335, §1 (36 PS §572), amended the Act of 1927, supra,

eliminating the words "is now", so as to make it conform to the existing laws relating to payment of damages in re-location or widening of state highways.

Decree of the lower court is affirmed, at appellants' costs.