## Commonwealth v. Dunmeyer Estate

*Frederick F. Coffroth*, for heirs.

COFFROTH, *P. J.*, August 14, 1974—Defendant heirs of Ida Grace Dunmeyer, deceased judgment debtor, challenge plaintiff's revival of its judgment as against the heirs. The case is here on objection by the heirs to the suggestion of nonpayment filed by plaintiff Commonwealth to revive the judgment against decedent and against the eight defendants named as "heirs and terre-tenants."[1]

## FACTS

The record history of the judgment in suit is as follows

"Jan. 3, 1941: Judgment by confession entered on Reimbursement Agreement, No. 67, Feb. term, 1941.[2]

"Dec. 28, 1945: Am sci fa filed to No. 34, Feb. term, 1946.[2]

"May 11, 1950: Am sci fa filed to No. 567 C.D. 1950.[2]

---

1. Actually the objections are filed by only one of the eight named heirs, a nephew of decedent, on behalf of all.

"Jan. 13, 1955: Am sci filed to No. 57 C.D. 1955.[2]

"Oct. 14, 1959: Am sci fa filed to No. 1462 C.D. 1959.

"July 9, 1964: Suggestion of nonpayment filed.

"May 5, 1969: Suggestion of nonpayment filed against estate of Ida Grace Dunmeyer and 8 other named defendants as 'heirs and terre-tenants'.

"May 1, 1974: Suggestion of nonpayment filed against estate of Ida Grace Dunmeyer and 8 other named defendants as 'heirs and terre-tenants'.

"May 7, 1974: Petition to Strike and/or Objections to Entry of Judgment filed."

Defendant heirs produced no evidence at the hearing on June 4th, but the following is a summary of the facts asserted by their counsel:

Decedent Ida Grace Dunmeyer was a recipient of public assistance; the objecting parties are her heirs, nephews and nieces; during her lifetime and at her death she owned real estate in Somerset Township near Listie against which the judgment was a lien at the time of death; she died in 1969; in 1970 said real estate was sold at tax sale to a stranger, and the heirs claim no interest therein, and decedent had no other estate. The heirs fear that the judgment, if revived, may be a cloud on their own land, not acquired from decedent, and in any event object to entry of any judgment against them under the circumstances.

## DISCUSSION

The suggestion of nonpayment initiating this proceeding was filed by the Commonwealth pursuant to the provisions of the Act of September 26,

---

2. This data is not in the record of the present case but was obtained by informal request of the prothonotary's office.

1951, P.L. 1505, as amended, 12 P.S. §885, which provides in relevant part as follows:

"Whenever a claim of the Commonwealth of Pennsylvania has been reduced to judgment and the claim has not been paid, then, in any such case, a suggestion of nonpayment may be filed in the county where the judgment was originally entered, with the prothonotary of said county, at any time within five years of the date of entry of the original judgment. After notice to all proper parties, by registered mail to their last known address or advertisement inserted in a newspaper in the county where the property is located, and no objection being filed within fifteen days after such service thereof, when indexed upon the judgment index the suggestion of nonpayment filed, as herein provided, shall revive the original judgment for a period of five years from the date of filing such suggestion of nonpayment, with the same force and effect as though a writ of scire facias had been issued, served on all proper parties, including real owners or terre-tenants, and duly prosecuted to judgment; and any judgment so revived shall remain a valid lien upon any real estate upon which it was a lien at the time the suggestion of nonpayment was filed and indexed upon the judgment index for a further period of five years, and may again be revived in like manner."[3]

Within the prescribed 15-day period, defendant heirs filed their "Petition to Strike and/or Objections to Entry of Judgment," alleging that:

(1) Decedent was an aunt of the heirs; and

---

3. Revival of judgments is now governed by Pa.R.C.P. 3025, et seq., but the Act of 1951 is expressly saved from suspension by Pa.R.C.P. 3048(4).

(2) "The named heirs had no legal obligation for the payment of any amounts due the Department of Public Welfare;" and

(3) "Ida Grace Dunmeyer has no estate and no real estate."

It may be conceded that the heirs have no personal liability for payment of the judgment. They are named only as "heirs and terre-tenants," and there is no indication that they made any contractual undertaking to pay the debt of the judgment.[4] As to heirs, proceedings to revive a judgment entered against their decedent during life are only de terris: Collins v. Phillips, 236 Pa. 386, 391 (1912). Their liability is in rem only, and is restricted to land, if any, inherited from the decedent subject to the judgment: Messmore v. Williamson, 189 Pa. 73 (1899). Today, an heir in such circumstances is essentially a terre-tenant.[5]

The averments that decedent "has no estate and no real estate" are apparently intended to say that the heirs hold no land by inheritance from their

---

4. Also, the heirs as nephews and nieces are not within the classes of persons made legally liable by statute for repayment of welfare grants to their aunt; such liability is imposed only upon spouses, children and parents of the recipient: Act of June 24, 1937, P.L. 2045, as amended, 62 P.S. §1973.

5. A terre-tenant is one who became the owner of an interest in the real estate after the lien attached: Havens v. Pearson, 334 Pa. 570, 6 A. 2d 84 (1939); Lipshutz v. Plawa, 393 Pa. 268, 271, 141 A. 2d 226 (1958). See also: Shareff v. Wolf, 120 Pa. Superior Ct. 227, 182 Atl. 115 (1935), and Noonan Estate, 361 Pa. 26, 29, 63 A.2d 80 (1949); Probate, Estates and Fiduciaries Code of June 30, 1972 (No. 164), 20 Pa. S. §3382; Act of July 3, 1947, P.L. 1234, 12 P.S. §879(d) and §8840; see also Act of November 25, 1970, P.L. 707 (No. 230), 1 Pa. C.S.A. §1937; C.J.S. Statutes §370, and Easby's Petition, 124 Pa. Superior Ct. 578, aff'd. on opinion below 326 Pa. 511, 192 Atl. 646 (1937).

aunt and therefore can have no liability even in rem or de terris. But this has never been recognized as a defense by an heir or devisee to revival of a judgment entered against the deceased ancestor during life: Coulter v. Selby, 39 Pa. 358 (1861); Rutledge v. Kirkpatrick, 60 Pitts. L.J. 399 (1912). The reason is that since the heir or devisee has no personal liability, he is not prejudiced by a judgment of revival which can reach only lands inherited from the decedent subject to the lien. As the court said in Rutledge, supra:

"The plaintiff is entitled to have his lien revived against whatever lands the ancestor had in the hands of the devisee, which may be lands that neither of the parties at the time of the bringing of the sci. fa. could point out, and there is nothing in the law which appears to call upon the plaintiff to point out what lands he proposed to charge. If the defendant as devisee has any lands which belonged to the testator at the time of his death they will be bound by the judgment but nothing else will be bound. If she has not, she is not injured."

It is well established that the creditor in the revival proceeding is not required to specify what property he seeks to subject to the judgment. See Lipshutz v. Plawa, 393 Pa. 268, 271 (1958); Coulter v. Selby, supra; Nicholas v. Phelps, 15 Pa. 36 (1850); Coyle v. Reynolds, 7 S. & R. 328 (1821). If the creditor should attempt to enforce a de terris judgment against land of the heir or devisee which is not subject to it, the court is available for prompt relief: Nicholas v. Phelps, 15 Pa. 36, 40; Coyle v. Reynolds, 7 S. & R. 328, 329.

As the court in Rutledge, supra, indicates, the full extent of inheritances is frequently not known or ascertained. The creditor should be able to join

heirs in his revival as a precautionary measure in contingent protection of his judgment. This procedure might be particularly wise in this case where it is known that decedent did own real estate at her death which was inherited by the heirs, but which was later sold at tax sale for delinquent taxes. Whether the heirs have any possible residual interest in the land following that unperfected tax sale may depend on the sale's validity.[6] As stated in Mitchell v. Hamilton, 8 Pa. 486, 489 (1848):

". . . [T]he judgment creditor was entitled to have execution of even the possibility of an interest in him; and if he had none, an award of execution against him could do no harm to any one else."

Moreover, it is almost impossible to show the impossibility of an inheritance from one's ancestor unless one shows he is not an heir and therefore has no connection with the title of the decedent. Compare Colwell v. Easley, 83 Pa. 31, 34 (1877).

Therefore, the objections of the heirs are not sufficient to prevent judgment of revival against them, which will affect nothing of theirs unless they have inherited some interest in land from their aunt.

Before concluding, we make the following comments on procedural aspects of the case:

(1) In any event, the request that the court

---

6. A valid sale would also divest the lien of the judgment as to the property sold. See Act of July 7, 1947, P.L. 1368, as amended, 72 P.S. §5860.304; Commonwealth v. Udziewicz, 353 Pa. 543 (1946); Bowman v. Garay, 83 D. & C. 322 (1951); Frola Petition, 52 D. & C. 357 (1943). Compare Act of April 30, 1929, P.L. 874, 21 P.S. §651 (divestiture of liens in judicial sales generally).

"strike any judgment or judgments entered against the heirs" cannot be granted because it relies upon facts beyond the record of any judgment: Lipshutz v. Plawa, supra. Also, the procedure in a motion to strike a judgment is now prescribed by Pa.R.C.P. 2959, which was not followed.

(2) There is no evidence of record that the pleading filed by the heirs was served upon the Commonwealth. In addition, the prothonotary's docket shows that notice of hearing was mailed only to the Department of Welfare: No. 1 miscellaneous 1974. The pleading and the notice of hearing should go both to the department and to the Attorney General. See Administrative Code of April 9, 1929, P.L. 177, sec. 903, as amended, 71 P.S. §293. Compare Pa.R.C.P. 2104(b). As to the requirements of due process in such case, see C.J.S., Constitutional Law, §§619 and 622; Commonwealth, ex rel. Smith v. Patterson, 409 Pa. 500, 503 (1963); Wolfe v. Riggle, 407 Pa. 172, 177 (1962); National Auto. Corp. v. Barfod, 289 Pa. 307 (1927).

The procedural matters are, however, of no significance in view of our disposition of the merits. Amendment of the pleading of the heirs might be allowed, but there is nothing in the facts presented to suggest such need.

## ORDER

Now, August 14th, 1974, the petition to strike and the objections to entry of judgment are dismissed. Tax the costs.