## Lewis versus Lewis et al.

Stay Law, when unconstitutional.—Act 21st May 1861, construed.

1. The proviso to sect. 1st of Act 21st May 1861, granting a stay of execution on a judgment due by a soldier, notwithstanding a waiver, is unconstitutional.

2. Where a judgment-note contained a waiver of stay of execution, and when due an attachment in execution was issued thereon, it was held error to stay the writ on the ground that the defendant was at the time a soldier, in military service.

ERROR to the Common Pleas of Wayne county.

This was an attachment execution issued December 2d 1862, by Sidney Lewis, assignee of A. J. Young, on a judgment against Abner Lewis and Orvis Lewis, which had been entered up against them on a judgment dated March 1st 1859, for $120, payable one year after date, without defalcation or stay of execution, in which the $300 exemption was waived.

The attachment was duly served on Henry Conklin as garnishee of Abner Lewis, and as to defendant was returned "not found."

C. S. Minor, Esq., as attorney of Sarah A. Lewis, wife of Abner Lewis, served a notice on the sheriff, requiring him to set off $300 as exempted from levy and sale, but the sheriff did nothing under the notice. There was due from the garnishee $87. Affidavits were read showing that Abner Lewis had volunteered into the United States service about the 1st of August 1862.

The court made the following order :—

"2d February 1863. It being made to appear to the court that the defendant Abner Lewis is a soldier in the army, and was at the time the writ issued regularly mustered into the service, the writ of attachment is dissolved and set aside," which was the error assigned.

[Lewis *v.* Lewis *et al.*]

*C. P. & G. G. Waller* cited and relied on Billmeyer *v.* Evans & Rodenbaugh, 4 Wright 324, as an authority declaring the Stay Law of May 21st 1861 unconstitutional.

The defendant's counsel presented no written argument.

The opinion of the court was delivered, April 2d 1864, by THOMPSON, J.—Treating this attachment execution for the present as an execution within the meaning of the Act of 21st May 1861, this case is directly ruled by Billmeyer *v.* Evans & Rodenbaugh, 4 Wright 324. In the case in hand, as in that, a stay of execution was expressly waived. Without the waiver the parties signing the note would have been entitled to a stay on the judgment entered on the note of six months. We held in the case cited that the *proviso* to the first section of the act allowing a stay in favour of a soldier, notwithstanding a waiver, was unconstitutional, as impairing the obligation of the contract. The case is directly in point, and rules this one. The stay ordered was wrong, and the order must be reversed.

The order of the Court of Common Pleas of Wayne county, entered in the above-entitled suit, made on the 2d of February 1863, is reversed and set aside, at the costs of the defendant in error, with leave to the plaintiff to proceed with his execution attachment.

AGNEW, J., was absent at Nisi Prius when this case was argued.