## Weist v. Wuller, Appellant.

210      143
34 SC ²158

*Contracts—Obligation of contract—Remedy—Constitutional law—Act of June 4, 1901, P. L. 404.*

The legislature may modify or suspend for a definite and reasonable time a remedy it has given, but it may not by acting on the remedy impair the obligation of a contract. Remedies which affect the interests and rights of the parties and are made the subject of contracts for the purpose of enforcing it become an essential part of the obligation, and a right of the creditor which cannot be impaired by subsequent legislation.

Where a defendant in a confessed judgment has waived any stay of execution, his assignee for creditors has no standing under subsequent legislation, such as the Act of June 4, 1901, P. L. 404, to ask for a stay.

Argued Oct. 19, 1904. Appeal, No. 75, Oct. T., 1904, by defendant, from order of C. P. Butler Co., Dec. T., 1903, No. 54, discharging rule to stay and set aside execution in case of Joseph Weist v. Mary Wuller, Johanna Wuller and John J. Kohler, Assignee for creditors. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Rule to stay and set aside execution. Before GALBREATH, P. J.

The opinion of the Supreme Court states the case.

*Error assigned* was the order discharging the rule.

*Lev McQuiston*, with him *J. C. Vanderlin* and *Thomas Robinson*, for appellant.—The legislature has the power to enact a law which changes the method of enforcing contracts existing at the time such a law is passed: Breitenbach v. Bush, 44 Pa. 313 ; Coxe v. Martin, 44 Pa. 322 ; Koshkonong v. Burton, 104 U. S. 668 ; Terry v. Anderson, 95 U. S. 628 ; Musser v. Brindle, 23 Pa. Superior Ct. 37 ; Zacharias v. Imperial Stain, etc., Co., 11 Pa. Dist. Rep. 171.

*T. C. Campbell*, with him *F. J. Forquer, W. Z. Murrin* and *John Murrin*, for appellee.—The act of 1901, as to the claims of Joseph Weist, is unconstitutional as impairing the obliga-

tion of his contract: Pannebaker v. Bitting, 11 Pa. Dist. Rep.
537 ; Smith's Est., 13 Pa. Dist. Rep. 80 ; Smith v. Speakman,
10 Pa. Dist. Rep. 699 ; Shonk's Insolvency, 11 Pa. Dist.
Rep. 298 ; McMullen's Petition, 26 Pa. C. C. Rep, 157 ;
Louisiana v. New Orleans, 102 U. S. 203 ; Bronson v. Kinzie,
42 U. S. 311 ; Green v. Biddle, 21 U. S. 1 ; Deichman's App.,
2 Whart. 395 ; Bunn v. Gorgas, 41 Pa. 441 ; McCracken v.
Hayward, 43 U. S. 608 ; Gantly v. Ewing, 44 U. S. 707 ;
Howard v. Bugbee, 65 U. S. 461 ; Phinney v. Phinney, 81 Me.
450 (17 Atl. Repr. 405).

A law passed after the contract is made exempting addi-
tional property from sale is unconstitutional as impairing the
obligation : Edwards v. Kearzey, 96 U. S. 595.

OPINION BY MR. JUSTICE FELL, December 31, 1904 :

The defendants in a judgment confessed in 1892 " without
stay of execution," having failed in an application to the court
to set aside a writ of execution against their real estate, made
an assignment for the benefit of their creditors.   The assignee
obtained a rule to show cause why the writ should not be
stayed, which after hearing was discharged.   This appeal is
from the order discharging the rule.   The sole ground for the
first application for a stay was that an advantageous sale could
not then be made because of uncertainty as to the title to the
real estate, and the sole purpose in making an assignment, the
debt being admittedly due and the debtors solvent, appears to
have been to secure another and possibly better chance to gain
time by having the assignee invoke the provisions of sections
16 and 19 of the Act of June 4, 1901, P. L. 404, which au-
thorize the court on application to vacate and set aside all
legal proceedings not wholly completed, and to stay execu-
tions in order that a sale may be made by the assignee or a
receiver.

This was not a legitimate use of the act, and it is at least
doubtful whether such a use could be sustained if the applica-
tion of the assignee was in other respects free from objection.
It is, however, unnecessary to consider this feature of the case
or the constitutionality of the act, or whether if constitutional
it is operative when in conflict with the federal bankrupt law,
because the order of the court was made on the ground that,

the defendants having waived any stay of execution, their assignee had no standing under subsequent legislation to ask for a stay.   On this ground we sustain the action of the court.

The legislature may modify or suspend for a definite and reasonable time a remedy it has given, but it may not by acting on the remedy impair the obligation of a contract.   Remedies which affect the interests and rights of the parties and are made the subject of contract for the purpose of enforcing it become an essential part of the obligation, and a right of the creditor which cannot be impaired by subsequent legislation.   The Act of April 18, 1861, P. L. 408, staying civil process against persons in the service of the government was held to be constitutional, the stay being for a definite and reasonable time : Breitenbach v. Bush, 44 Pa. 313.   But the proviso of the 1st section of the Act of May 21, 1861, P. L. 770, which granted a stay of executions on judgments on which the right to a stay had been expressly waived by the debtor in the original obligation, was held unconstitutional in Billmeyer v. Evans, 40 Pa. 324, and Lewis v. Lewis, 47 Pa. 127 ; White v. Crawford, 84 Pa. 433, arose under the Act of February 17, 1876, P. L. 4, which authorized the court, when an order of sale of an assigned estate is made, to stay executions on liens that may be discharged.   While the decision is based on an abuse of discretion by the judge in allowing the purchaser an unreasonable time in which to make payments, the foregoing cases are cited with approval and the doctrine on which they rest is reasserted and affirmed.

The order of the court discharging the rules is affirmed at the cost of the appellant.