## Connelly et al. v. Marine Manufacturing & Supply Co.

*J. M. Stoner & Sons*, for petitioners.
*Alter, Wright & Barron*, for respondent.

ELDER W. MARSHALL, J., February 23, 1934.—In this proceeding a receiver was appointed for Marine Manufacturing & Supply Company, defendant, on February 18, 1931, since which date the business of the company has been conducted by the receiver, with leave of court. We are now asked to allow a mortgagee creditor to enter judgment on the bond accompanying the mortgage and to execute on the company's real estate.

The petition is drawn in most general terms, averring simply the existence of a mortgage for $11,500 on the real estate, buildings, machinery, and equip-

ment of the company, when the receiver was appointed; that the company's assets have not been materially increased during the receivership; that the last renewal of the mortgage expired October 27, 1933; and that the mortgagee desires to collect the mortgage, payment thereof having been refused. Strangely enough, the petition contains no copy of the bond or mortgage, no reference to the place of record, and no recital of terms, particularly those pertaining to the right to foreclose, to enter judgment on the bond, or to proceed with execution. There is no intimation that taxes or interest are in arrears, or that the property has fallen into disrepair, or that the security of the loan is in any jeopardy. While the mortgage is held by a trustee for a decedent's estate, the attitude of the beneficial owners respecting foreclosure is not disclosed. Indeed, petitioner recites neither reason nor necessity for taking the property in execution, save that the mortgage is now due.

The answer filed by the receiver, while admitting the allegations of the petition, presents considerable new matter bearing on the equities of the situation. Since petitioner has allowed such new matter to remain unanswered by replication or otherwise, we shall accept the averments as true.

Thus considered, we learn from the answer that petitioner's decedent, in 1920, sold to defendant corporation the real estate in question (a lot of ground and building on Water Street, Pittsburgh) for the sum of $23,500, of which $3,500 was paid in cash and the balance of $20,000 secured by a purchase-money mortgage. Such mortgage is the one now sought to be collected, and on it the corporation had paid a total of $8,500 prior to institution of the receivership.

As shown by the appraisement filed in this proceeding, the mortgaged premises were worth, in March 1931, upwards of $38,500, exclusive of the machinery and equipment housed thereon, which petitioner claims are under the lien of the mortgage. The answer discloses that all taxes have been paid to January 1, 1934, and all mortgage interest to the last interest period, October 27, 1933. It further appears that in October 1931 the mortgagee demanded a bonus or fee of $300 for extending the mortgage for 1 year, but accepted $150, which the receiver paid under protest. One year later, $75 was demanded and received for a similar extension.

The receiver has been unable to replace the mortgage by procuring a loan elsewhere or to make sale of the premises, and the mortgagee does not deny that there is little likelihood that anyone will purchase the property either at sheriff's sale or subsequently. Since his appointment 3 years ago, the receiver has been able to pay all operating expenses of the business, including taxes and mortgage interest, and to realize a slight profit for creditors. If the property be taken in execution by the mortgagee, the company's equity therein will be lost to creditors; present operations of the receiver, in which 12 men are employed, necessarily will be terminated; and, so far as can be foreseen, the mortgagee must become the purchaser at sheriff's sale, without immediate prospect of being able to rent or sell the premises.

It is plain from the foregoing recital that the equities of the situation are with the creditors and stockholders, and that it would be most unjust for the court, by permitting execution to issue presently, in effect to decree a forfeiture whereby the interests of such persons will be forever lost. Moreover, the proposed action would seem to be contrary to the best interests of the beneficial owners of the mortgage, for, so far as can be foretold, the trustee would simply be converting a well-secured, income-producing, mortgage investment into a nonproductive piece of real estate.

Fortunately, the state of the pleadings is such that the parties whose interests are thus threatened can be succored, at least temporarily. The rule is that neither court nor legislature may suspend or modify the remedies for collection of a matured mortgage debt, if by so doing the obligation of the mortgage contract will be impaired: Galey v. Guffey, 248 Pa. 523; Philadelphia Trust Co., Trustee, v. Northumberland County Traction Co. et al., 258 Pa. 152. But, as has been repeatedly pointed out, interference with the remedy will constitute an impairment of obligation only if the parties themselves had made the remedy "an express and substantive part of their contract", and hence a part of its obligation: Breitenbach v. Bush, 44 Pa. 313, 320. Where they have not treated about the remedy, the constitutional inhibition does not apply: Billmeyer v. Evans et al., 40 Pa. 324; Weist v. Wuller, 210 Pa. 143; Philadelphia Trust Co., Trustee, v. Northumberland County Traction Co. et al., supra.

In this case, petitioner has not seen fit to place on record a copy of the bond or to recite its provisions, if any, concerning the right of the obligee to enter judgment, or to execute upon the property, or to proceed without stay. We are not obliged to assume that the matter of remedy was made the subject of contract by the parties or that the bond contains any reference to remedy. Since, under the present bill, all property of defendant corporation is subject to our supervision and control, we are free to call into play the great power which, from time immemorial, equity has exercised to protect the rights of mortgagors: Bispham, Principles of Equity (10th ed.) secs. 150, 156.

In the exercise of that power, and in order to prevent a manifest injustice and irreparable injury to creditors and shareholders of the mortgagor, we shall suspend the remedy ordinarily available to petitioner, such suspension, however, to be for a definite and reasonable period and upon reasonable conditions. The receiver has offered to make monthly payments of $100 on account of the principal of the mortgage debt. Under all the circumstances, leave to recover judgment on the bond and to issue execution thereon should be withheld at the very least until July 1, 1935, but upon the express condition that such monthly payments be promptly and regularly made.

Perhaps we should add that the relief here afforded is granted only as an emergency measure. We take judicial notice of the fact that a market for mortgage money no longer exists; that the present financial stringency is without parallel in the history of our country; and that we are passing through an economic crisis wherein every energy of each branch of government, judicial no less than legislative and executive, must be directed toward sustaining the value of property and saving it to its owners wherever possible. If a fitting index to the gravity of our situation be needed, it will be found in the moratorium legislation adopted by the various State legislatures, within the past biennium, and in the opinion of the Supreme Court of the United States in the case of Home B. & L. Assn. v. Blaisdell et al., 290 U. S. 398.

## Order

And now, February 23, 1934, leave to Marcus W. Stoner, trustee under the will of Mary Alice Lees, deceased, to enter the bond of Marine Manufacturing & Supply Company, securing the mortgage debt owing to said estate, and to issue execution on the judgment thereby obtained, is withheld and refused until July 1, 1935, upon condition that the receiver of Marine Manufacturing & Supply Company pay to said trustee, on the fifteenth day of each month, until said

date, the sum of $100 on account of the principal of the mortgage debt aforesaid. In event of default in any such monthly payment, or upon the expiration of the period of suspension, said Marcus W. Stoner, trustee, shall have the right to renew his present application.