Blank and Gottschall Co., Inc., et al., Appellants, *v.* First National Bank of Sunbury et al.

Argued December 2, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*John L. Pipa, Jr.,* and *H. F. Bonno,* for appellants.

*Harry S. Knight,* with him *Richard Henry Klein, Russell S. Machmer,* and *Michael Kivko,* for appellees.

OPINION BY MR. JUSTICE LINN, January 6, 1947:

This suit was brought to recover damages sustained by Blank and Gottschall Co., Inc., as the result of an alleged conspiracy by the First National Bank of Sunbury and George W. Rockwell who was a director of the bank and also was receiver of Blank and Gottschall Co., Inc. The plaintiffs are Blank and Gottschall Co., Inc.,

and several of its stockholders; why the stockholders were joined with the corporation as plaintiffs is not apparent, nor is their joinder material to our decision of the appeal. The defendants are the First National Bank of Sunbury, George W. Rockwell individually and as receiver of Blank and Gottschall Co., Inc., and Tioga Mills Co., Inc., and Sunbury Mills, Inc., two corporations now respectively owner in fee and lessee of certain real estate formerly owned by Blank and Gottschall Co., Inc. Plaintiffs sued in equity praying for a decree striking off a judgment entered against it on its bond accompanying its mortgage; setting aside the sheriff's sale at the foreclosure of the mortgage, for a receiver, an account, etc. Defendants filed preliminary objections which were sustained. Plaintiffs appealed.

In 1941, Blank and Gottschall Co., Inc., engaged in a general feed and milling business, with its principal office in Sunbury, Northumberland County, Pennsylvania, was unable to meet its obligations. On March 19, 1941, on a bill filed by First National Bank of Sunbury, hereafter called the Bank, George W. Rockwell was appointed receiver for Blank and Gottschall Co., Inc. Rockwell was a director of the Bank, and his appointment as receiver [1] was agreed to by Blank and Gottschall Co., Inc. Toward the end of April, 1941, the Bank joined with Blank and Gottschall Co., Inc., Rockwell, the receiver, and C. F. Blank [2] and Frank M. Haas, stockholders in Blank and Gottschall Co., Inc., in an application to the court to authorize the lease of certain real estate, machinery and equipment of that company to Tioga Mills, Inc., for one year, with certain options, one being an option to purchase for not less than $60,000. The contract was authorized by the court and was made.

On May 13, 1938, Blank and Gottschall Co., Inc., had made and delivered its bond and mortgage in the sum of

---

[1] Counsel for the Bank and counsel for Blank and Gottschall Co., Inc., were appointed attorneys for the receiver.

[2] Blank's administratrix is one of the plaintiffs in the present suit.

$60,000 to the Bank. The mortgage, duly recorded, was a first lien on the plant of the company. In 1941 this mortgage was in default. In October of that year the Bank entered judgment on the bond, issued execution, bought the property for $5,887.46 at the foreclosure sale and took title from the sheriff by deed duly acknowledged and recorded. The Bank then sold the property to Tioga Mills, Inc., mentioned above, for $60,000, taking back a purchase money mortgage for that sum payable in fifteen years at a lower interest rate than had been payable by Blank and Gottschall Co., Inc., on the mortgage given by it to the Bank in 1938. Tioga Mills, Inc., thereafter leased the property to Sunbury Mills, Inc., now in possession. Rockwell's accounts, as receiver, were filed and were passed by the court (the same court from which this appeal comes) and he was discharged more than four years before this bill was filed. No assets remained for distribution [3] to the stockholders of Blank and Gottschall Co., Inc.

Plaintiffs aver that these facts which we have stated generally, constitute a fraud on the plaintiffs by which

---

[3] Concerning the receiver's account, we quote from the opinion of the court below: "Following the Sheriff's sale, the receiver filed his second and final account and the records in No. 734 In Equity, which are referred to in the Bill, but not all specifically set forth, show that both counsel for the bank and counsel for Blank and Gottshall Co., waived the advertising of said account. Neither the account nor the petition mentioned the sale of the real estate and equipment, although the petition does show that the account as filed had been approved by the bank and by C. F. Blank who was the President and majority stockholder of Blank and Gottshall Co., Inc., during the period covered by the receivership and was also the principal creditor of the company next to the bank and whose personal representative, Daisy E. Bartholomew, is one of the plaintiffs in the Bill. The second and final account was confirmed absolutely by the Court. The petition for discharge states that all claims against the defendant corporation have been paid with the exception of those of the bank and C. F. Blank, who received a proportionate amount on account of their claims out of the balance for distribution in full settlement of their respective claims. C. F. Blank consented to the discharge of the receiver. The Court discharged the receiver on October 31, 1941."

their property was sacrificed at much less than its value. If there was any fraud, the facts specifically supporting the inference are not alleged in the bill; mere averment of fraud without the facts from which it can be inferred is not sufficient: *Compton v. Heilman,* 331 Pa. 545, 1 A. 2d 682; *Levine v. Pittsburgh State Bank,* 281 Pa. 477, 127 A. 68. The rule is that while conspiracy may be proved by circumstantial evidence, the evidence must be full, clear and satisfactory. The mere fact that several parties happen to exercise independent rights at or about the same time does not constitute actionable conspiracy: see generally, *Rosenblum v. Rosenblum,* 320 Pa. 103, 181 A. 583; *Morris v. Halford,* 352 Pa. 138, 42 A. 2d 411.

As no irregularity on the face of the judgment has been shown, it could not have been stricken off. The prayer to strike off could not have been treated as an application to open and let in a defense, because plaintiffs did not aver that the judgment-debtor had a defense to the bond; on the contrary, liability on the mortgage is conceded. No fraud or want of authority appears in the bill sufficient to set aside the sale after the acknowledgment and delivery of the sheriff's deed. *Derr v. New York Joint Stock Land Bank,* 335 Pa. 309, 6 A. 2d 899. We must also reject the contention that the sheriff's sale was void because the Bank foreclosed without first asking leave of court, the decree appointing the receiver containing the usual provision restraining interference with receivership assets, etc. The mortgage was the first lien when the receiver was appointed. Failure in this case to obtain leave is not fatal; we may assume that if leave had been asked it would have been granted: compare *Galey v. Guffey,* 248 Pa. 523, 94 A. 238; *Phila. Trust Co. v. Northumberland Co. Traction Co.,* 258 Pa. 152, 101 A. 970; *Meehan v. Connell Anthracite Mining Co.,* 318 Pa. 481, 178 A. 833; *Mortgage Building & Loan Ass'n Case,* 334 Pa. 81, 95, 5 A. 2d 342. In this respect a distinction is made between the enforcement of such a lien and the general administration of assets in the

custody of the receiver: compare *Warner v. Conn*, 347 Pa. 617, 32 A. 2d 740.

The plaintiffs also contend that by joining in the lease to Tioga Mills, Inc., in April, 1941, the Bank had waived the right to foreclose and for that reason the foreclosure was void. When judgment was entered on the bond, its lien related back to the date of the recording of the mortgage in 1938: *Morris v. Campbell*, 186 Pa. 589, 40 A. 1014. There is no evidence on which a waiver of the right to foreclose could be based. The fact that the Bank joined in the lease is not sufficient evidence to support a waiver: *Brown v. Aiken*, 329 Pa. 566, 198 A. 441.

It is unnecessary to deal with the argument on laches.

Decree affirmed, costs to be paid by appellants.