## Mountain City Savings and Loan Association of Hazleton v. Bell, Appellant.

Argued April 25, 1963. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused December 30, 1963.

*George L. Fenner, Sr.,* for appellants.

*Conrad A. Falvello,* with him *Rocco C. Falvello,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, October 10, 1963:
This appeal is from the refusal to strike a judgment entered on an appeal bond and from the discharge of a rule to compel plaintiff to bring action against the defendant-surety to determine costs and damages legally payable.

Union Savings and Loan Association of Hazleton,[1] plaintiff-appellee, entered a judgment by confession on a real estate mortgage bond against Carlos C. Bell and Esther Conety Bell, his wife, in the sum of $33,000, conditioned for the payment of $10,058.68, legally due as of May 1, 1959. Subsequently, a rule was granted

---

[1] The plaintiff amended its charter and is now known as Mountain City Savings and Loan Association of Hazleton, Pennsylvania. This was suggested on the record on December 17, 1962.

upon plaintiff to show cause why the judgment should not be opened and defendants let into a defense. This rule was discharged, and defendants in that proceeding filed an appeal in the Superior Court.

In order to have that appeal act as a supersedeas, appellants, on March 2, 1961, executed an appeal bond in favor of the use-plaintiff, in the principal sum of $24,000, double the amount of the judgment and all costs accrued and likely to accrue. The condition of the bond was "that if the said Appellant will prosecute this Appeal with effect, and will pay all costs and damages awarded by the Appellate Court, or legally chargeable against them, then this obligation [is] to be void; otherwise to remain in full force and virtue."

The appeal bond was approved by the court below on March 3, 1961, and filed of record on March 7, 1961. The appeal to the Superior Court was filed on March 6, 1961, but was withdrawn without hearing or argument and discontinued on February 8, 1962. On March 13, 1961, appellee filed exceptions to the appeal bond principally because the bond, being on real estate, failed to state the location of the surety's real estate. This exception was dismissed, and the court below directed the prothonotary to enter judgment on said bond both against the principals and surety. There is nothing on the record to indicate that appellants objected to the entry of judgment on the appeal bond at that time.

After the appeal was withdrawn, appellee commenced execution proceedings, naming the surety and others as garnishees. To these proceedings a petition was presented seeking to strike the judgment entered (a year earlier) on the appeal bond and also to compel appellee to proceed against the surety to ascertain legal liability on the bond. After argument, both the petition to strike and the rule to show cause why appellee should not bring its action against the surety were discharged.

The refusal to strike a judgment was proper. A rule to strike a judgment can be made absolute only for a defect appearing on the face of the record. The appeal bond was filed in accordance with the provision of the Act of May 19, 1897, P. L. 67, §12, as amended, 12 P.S. §1149, providing that: "In appeals from judgments and decrees . . ., the appeal shall not operate as a supersedeas, unless so ordered by the court below . . ., and *upon such terms as may be required by the court or judge granting the order of supersedeas . . . .*" (Emphasis supplied.) Here, the court required that in order for the bond to act as a supersedeas, judgment be entered against the individual surety on the bond. The entry of judgment as a requirement was authorized by the statute and within the discretion of the court below. This condition was not unreasonable under the circumstances, particularly since there was a single individual surety on the bond.

Under the express terms of the supersedeas bond, the obligation was not only for costs but also for the judgment entered on the real estate bond accompanying the mortgage. Since there was no defect or irregularity appearing on the face of the record, the motion to strike was properly refused. See *Kros v. Bacall Textile Corp.*, 386 Pa. 360, 126 A. 2d 421 (1956). The case of *Geiger v. United States Fidelity and Guaranty Co.*, 121 Pa. Superior Ct. 554, 184 Atl. 464 (1936), cited by appellants, is not in point since that case did not involve a supersedeas bond, and the only obligation assumed by the surety was to pay costs incurred on appeal.

The withdrawal of the appeal rendered the surety liable for payment of the debt and all costs accrued and likely to accrue. The appeal was not prosecuted "with effect", i.e., successfully. See *Conston v. New Amsterdam Casualty Co.*, 366 Pa. 219, 221, 77 A. 2d 603 (1951). Since the surety had obligated herself to

pay the judgment on the mortgage bond plus interest and costs should the principal on the bond (defendant in the appeal action) fail to prosecute the appeal with effect, her liability was fixed. Thus, there was no necessity for commencing an assumpsit action to determine the extent of liability on the bond.

The court below, therefore, properly discharged the rule to show cause why an action should not be brought against the surety to ascertain her legal liability.

Order affirmed.