Washington County Controller's Case.

Argued October 2, 1967. Before Bell, C. J., Mus-
manno, Jones, Cohen, Eagen, O'Brien and Roberts,
JJ.

*George B. Stegenga,* with him *Paul Simmons, Jo-
seph F. Weis, Jr.,* and *Weis & Weis,* for appellant.

*Oliver N. Hormell,* with him *Richard DiSalle,* for
appellee.

OPINION BY MR. JUSTICE ROBERTS, November 28, 1967:

Edward Stuart was treasurer of Washington County from 1960 to January 6, 1964. On January 28, 1965 the controller filed his annual report covering the Washington County treasury records for the calendar year 1964. This report indicated that a deficiency of $50,000 appeared on the treasury books when Stuart left office in January, 1964. Accordingly, the controller surcharged Stuart for this amount.

Stuart immediately filed a petition both to strike the surcharge and vacate the judgment,[1] contending that the surcharge was vague, uncertain and indefinite, and further contending that the controller's reports for 1960, 1961, 1962, and 1963, none of which disclosed any deficiency, were now conclusive since they were never objected to when filed. Since he had been in office for only three business days in 1964, Stuart argued that he could not therefore be liable for the deficiency. The controller filed preliminary objections to Stuart's petition, and on June 28, 1965 a hearing on the petition was held before the court en banc. The testimony at that hearing revealed that no one actually knew the true state of Washington County's finances. Judge SWEET therefore ordered a court appointed accountant to conduct an independent audit of the treasury books for 1963 and 1964.[2] Pursuant to that audit, a second hearing was held on January 27, 1967, again before the court en banc. Finally, on February 15, 1967, the Court of Common Pleas of Washington County, responding to Stuart's amended petition to strike the sur-

---

[1] As will be later discussed, a controller's surcharge has the effect of a judgment. Act of August 9, 1955, P. L. 323, §1730, 16 P.S. §1730. This accounts for the dual nature of appellant's petition.

[2] Appellant requested the trial judge to order the 1960, 1961, and 1962 treasury books audited also, but this request was denied.

charge and vacate the judgment, filed an order refusing to strike the surcharge. This appeal followed.

Appellees urge that the present appeal be quashed because the order below refusing to strike the surcharge is interlocutory. We do not agree. Section 1730 of the Act of August 9, 1955, P. L. 323, 16 P.S. §1730 expressly provides that "the reports of the controller . . . shall be filed among the records of the court of common pleas of the county, and from the time of such filing *shall have the effect of a judgment* against the real estate of the officer who shall thereby appear to be indebted either to the Commonwealth or to the county." (Emphasis supplied.) It is readily apparent from the words of this statute that as soon as the controller's report surcharging Stuart was filed, the appellant, as a matter of law, had a judgment entered against him. So also, it is abundantly clear that when the hearing judge refused to strike that surcharge, the judgment continued to exist. We have always held that a lower court order permitting a judgment to stand is appealable by the judgment-debtor;[3] and, here, because of §1730 of the 1955 Act, the surcharge equals a judgment, and hence is also appealable. In fact, even before the 1955 Act was passed, this Court had held that county controllers' reports had the effect of judgments and "can be questioned only as a judgment can be." *Saint Paul Mercury Indemnity Co.'s Appeal,* 325 Pa. 535, 538, 191 Atl. 9, 10 (1937); *O'Gara v. Phillips,* 297 Pa. 526, 147 Atl. 613 (1929).

Since we hold that the petition to strike the surcharge must be treated in the same manner as a motion

---

[3] The appellees argue that Stuart is not properly before *this* Court, regardless of whether the surcharge is a judgment or not, because §1731 of the Act of August 9, 1955, supra note 1, directs his appeal to the court of common pleas. The 1955 statute however, is concerned with appeals on the *merits* of a surcharge. An appeal from the denial of a *motion to strike* the surcharge is governed by a different statute. See note 4, infra.

to strike a judgment, the Act of May 20, 1891, P. L. 101, §1, 12 P.S. §1100[4] clearly gives this Court jurisdiction to hear an appeal from the lower court's denial of that motion. Having assumed jurisdiction, we decide that the lower court was correct in refusing to strike the surcharge.

A motion to strike a judgment, as opposed to a petition to open a judgment and be let into a defense,[5] will not be granted unless a fatal defect in the judgment appears *on the face of the record*. *Weinberg v. Morgan*, 186 Pa. Superior Ct. 322, 325, 142 A. 2d 310, 312 (1958). As we said in *Lipshutz v. Plawa*, 393 Pa. 268, 271, 141 A. 2d 226, 228 (1958): "A rule to strike off a judgment is in the nature of a demurrer directed to defects in the record. If the record is self-sustaining, the judgment cannot be stricken." See also, *Field*

---

[4] "In *all cases* of application for the . . . vacating and striking off of *judgments of any kind* . . . any party aggrieved by the . . . refusal to . . . vacate or strike off such judgment, may appeal therefrom to the supreme court of this commonwealth. . . ." Act of May 20, 1891, P. L. 101, §1, 12 P.S. §1100. (Emphasis supplied.)

[5] In most cases, collateral attacks on final judgments which question the underlying merits of that judgment must be made by a petition to open the judgment and be let into a defense. This proceeding is equitable in nature and the court is given wide range of discretion in deciding whether the petitioner will be permitted to present his defense. *Thorn v. Clearfield Borough*, 420 Pa. 584, 218 A. 2d 298 (1966); *McDonald v. Allen*, 416 Pa. 397, 206 A. 2d 395 (1965). However, in cases of judgments arising from a controller's surcharge, the judgment-debtor is given an absolute right to have his judgment opened and to present his defenses. Act of August 9, 1955, P. L. 323, §1731, 16 P.S. §1731. This does not mean, however, that he may not simultaneously appeal the denial of a motion to strike that judgment. We reach this conclusion because it has been held, in cases involving petitions to open judgments, that the order of a court below refusing to strike a judgment is appealable to this Court notwithstanding the fact that the lower court simultaneously granted the judgment-debtor's petition to open that same judgment. *Polis v. Russell*, 161 Pa. Superior Ct. 456, 55 A. 2d 558 (1947).

*Enterprises Educ. Corp. v. Golatt,* 199 Pa. Superior Ct. 422, 185 A. 2d 666 (1962). In the present case the "record" is the controller's report itself, and it was held as far back as 1906 that a motion to strike the judgment resulting from the surcharge of a county official must be treated in exactly the same way that a motion to strike the judgment of a common pleas court would be treated. *Sunderlin's Case,* 16 Dist. 1004 (C.P. 1906). In *Sunderlin,* the surcharged officer pressed, as his reason to have the judgment stricken, that the auditor's report was made without proper notice and was based on prejudice rather than legal testimony. The court held that these were defenses not based on patent record defects, and thus could not sustain a motion to strike.[6]

So also, an examination of the present 1964 controller's report shows no record defect whatsoever. In fact, the result of the audit conducted by the court appointed accountant shows clearly that, according to treasury records, a $50,000 deficiency does exist. It is true that the appellant's arguments in support of his motion to strike are somewhat unclear, perhaps due to the emotional tone of his brief; but, as we unravel these arguments, they fail to allege any irregularities in the controller's report itself. Stuart claims that he is not liable for any deficiency either (1) because the shortage can be traceable to a mere bookkeeping error, or (2) because the conduct causing the deficiency took place before he assumed office, or (3) because the pre-

---

[6] For cases in which judgments *were* stricken because of defects appearing on the record see, e.g., *Lansdowne Bank & Trust Co. v. Robinson,* 303 Pa. 58, 154 Atl. 17 (1931) (instrument upon which judgment was confessed was not an obligation for the unconditional payment of a definite sum at a definite time); *A. B. & F. Contracting Corp. v. Matthews Coal Co.,* 194 Pa. Superior Ct. 271, 166 A. 2d 317 (1960) (affidavit of default which accompanied confession of judgment did not allege that judgment-debtor had been given the ten days notice agreed upon by the parties).

vious controller's reports, which he claims are conclusive, show no misconduct or deficiency upon which a surcharge could be based.[7]

It is, perfectly apparent that Stuart would be unable to establish the truth of any of these allegations without first presenting evidence of facts not shown in the controller's report itself. Thus, under the well established principle that a judgment will never be stricken when its invalidity can only be shown by evidence dehors the record, the disposition of the lower court in this case must be affirmed. *Lipshutz v. Plawa,* supra; *Hall v. West Chester Pub. Co.,* 180 Pa. 561, 37 Atl. 106 (1897); *Weinberg v. Morgan,* supra; *Wisor v. Wisor,* 175 Pa. Superior Ct. 233, 103 A. 2d 498 (1954).

Since the County Code specifically provides a procedure whereby controllers' reports may be challenged on the merits, Judge SWEET quite properly remanded

---

[7] Stuart argues, apparently as a fourth reason for striking the surcharge, that the very conclusiveness of, the previous controller's reports would deprive him of any opportunity to prove his other defenses by opening up his past treasury books. He presses this argument especially hard because the burden of proof in an appeal from a surcharge is on the surcharged officer to show he is guilty of no misconduct. *Davis v. Carbon County,* 369 Pa. 322, 85 A. 2d 862 (1952) (here, even though the county was appealing the lack of surcharge in the controller's report, the court framed the issues in such a way that the surcharged officers became the "plaintiffs" for purposes of pleading). In the first place, we fail to see how such an argument can support a motion to strike a judgment any more than Stuart's other contentions can. Secondly, we believe that this argument is premature. Assuming that Stuart would be unwilling to rest on the conclusiveness of the 1960-1963 controller's reports, which do not surcharge him, to sustain his burden of proof, he may, if he desires, move the court to grant him permission to re-open the treasury records upon which these reports are based. If the court denies this motion, and Stuart's appeal under §1731 is unsuccessful, he may *then* appeal the trial court's ruling to this Court under the Act of August 9, 1955, P. L. 323, §1735, 16 P.S. §1735.

appellant to his statutory remedy.[8]  In fact, Stuart has already begun to perfect his appeal to the court of common pleas pursuant to that statute.

Order affirmed.

[8] Act of August 9, 1955, P. L. 323, §1731, 16 P.S. §1731: "An appeal may be taken from such [controller's] reports to the court of common pleas, either by the Commonwealth, the county or the officer. . . ."