Malakoff v. Zambar, Inc., Appellant.

504

Argued November 8, 1971. Before JONES, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Harold Greenberg,* with him *Perry S. Bechtle, Patrick W. Kittredge, Richard M. Squire,* and *Cohen, Shapiro, Polisher, Shiekman and Cohen,* for appellant.

*Jerry Zaslow,* with him *Herman P. Weinberg,* and *Modell, Pincus, Hahn & Reich,* for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, March 20, 1972:

Appellee, a real estate broker, negotiated a twenty-five year lease on June 16, 1959, between Easton Road Development Company, Inc. (lessor), and Consolidated Sun Ray, Inc., and Blauners, Inc. (lessees), which established appellee's right to a three percent brokerage

commission from the lessor based on monthly rental payments. Paragraph 21 of the lease specifically provided, *inter alia*: "This lease is subordinate to any mortgage now or hereafter created by the Landlord upon the leased premises and parking improvements provided that the mortgage instrument shall contain a clause to the effect that, or the mortgagee shall furnish the Tenant with a certificate or letter to the effect that, so long as the Tenant, its assignees, successors or subtenants are not in default under this lease, (a) The Tenant's possession of the leased premises and its use of the parking facilities shall remain undisturbed whether or not the mortgage is in default and notwithstanding a foreclosure or other action by the mortgagee pursuant to the mortgage or any bond accompanying the mortgage, and (b) all provisions of this lease insofar as they affect the mortgagee shall be binding upon the mortgagee."

Through a series of subleases and assignments, the lessees' interest was eventually obtained by Bazaar of All Nations, Inc. (subtenant). Due to the creation of a mortgage, the lessor's interest was assigned to American National Insurance Company (mortgagee). The mortgagee subsequently foreclosed on these premises and the appellant took title on May 19, 1967, following a sheriff's sale. Although the appellant collected rent from the subtenant, the appellant refused to pay any brokerage commissions allegedly due appellee under the terms of the lease.

On July 14, 1969, appellee served a complaint in equity upon appellant's counsel which requested, *inter alia,* an accounting of all past, present and future rentals. By letter dated July 16, 1969, appellant requested, "a reasonable extension of time to answer or otherwise move." Appellee's counsel responded by return mail, "[w]e will be happy to grant you a reason-

able extension of time in this matter." There was no further communication until March 2, 1971, approximately twenty months later, when appellee's counsel stated that a default judgment was to be taken that day. The default judgment was taken and appellant's counsel filed a timely petition to strike the judgment. After argument, the court below denied the petition to strike but granted the appellant leave to file a petition to open the judgment.[1] This appeal followed.[2]

We begin our review with the well-settled principle that: "A motion to strike a judgment, as opposed to a petition to open a judgment and be let into a defense, [footnote omitted] will not be granted unless a fatal defect in the judgment appears *on the face of the record*. Weinberg v. Morgan, 186 Pa. Superior Ct. 322, 325, 142 A. 2d 310, 312 (1958). As we said in Lipshutz v. Plawa, 393 Pa. 268, 271, 141 A. 2d 226, 228 (1958) : 'A rule to strike off a judgment is in the nature of a demurrer directed to defects in the record. If the record is self-sustaining, the judgment cannot be stricken.' " (Emphasis original) *Washington County Controller's Case*, 427 Pa. 631, 634, 235 A. 2d 592, 594 (1967). *See, also, Cameron v. Great American & Pacific Tea Co.*, 439 Pa. 374, 266 A. 2d 715 (1970) ; *Linett v. Linett*, 434 Pa. 441, 254 A. 2d 7 (1969).

Citing *Albert J. Grosser Co. v. Rosen*, 436 Pa. 311, 259 A. 2d 679 (1969), and *Solis-Cohen v. Phoenix Mut. Life Ins. Co.*, 413 Pa. 633, 198 A. 2d 554 (1964), appellant contends that paragraph twenty-one of the

---

[1] Actually, the correct terminology should have been "decree" not "judgment."

[2] On the same day that appellant filed this appeal, it also filed a petition to open the judgment in the court below. Of course, the appellant has precluded any Common Pleas consideration of the petition to open the judgment by perfecting an appeal in this Court. *See, e.g., Corace v. Balint*, 418 Pa. 262, 275-76, 210 A. 2d 882, 889 (1965).

lease, *supra,* subordinated the lease to the mortgage so that the subsequent foreclosure and sheriff's sale extinguished appellee's right to any brokerage commissions. *See, also, William I. Mirkil Co. v. Gaylon,* 446 Pa. 111, 285 A. 2d 181 (1971); *Landau v. Western Pennsylvania Nat'l Bank,* 445 Pa. 217, 282 A. 2d 335 (1971). Stated differently, appellant argues that the complaint fails to state a cause of action since paragraph twenty-one of the lease which was attached to the complaint clearly subordinated the lease to any subsequent mortgage. While we agree with appellant's statement of the law, appellant's reading of paragraph twenty-one ignores certain operative provisos contained therein.

A careful reading of paragraph twenty-one demonstrates that the lease is subordinate to a subsequent mortgage "provided that the mortgage instrument shall contain a clause to the effect that, or the mortgagee shall furnish the tenant with a certificate or letter to the effect that, so long as the tenant, its assignees, successors or subtenants are not in default under this lease. . . ." Reviewing the record before us, we do not know if the mortgage contained such a clause or whether the mortgagee furnished such a certificate or letter to the tenant. Absent this evidence of record, we cannot be certain that these provisos were met; for this reason we cannot determine that the lease was subordinate to the subsequent mortgage. "Where, in order to sustain the attack on the judgment, evidence relating to the cause of action must be introduced, the proceeding should not be to strike off the judgment, but rather to open it." 7 Standard Pa. Prac. 185-86 (1971). The court below correctly denied the petition to strike and properly refused to consider the petition, sua sponte, as one to open the judgment. *Kros v. Bacall Textile Corp.,* 386 Pa. 360, 364 n.1, 126 A. 2d 421, 423 n.1 (1956).

Appellant next contends that since the complaint was not properly endorsed with a notice to plead, *see,* Pa. R. C. P. 1026, 1361, no answer was required; accordingly, the argument is made that the allegations of the complaint were automatically denied, *see,* Pa. R. C. P. 1029(d), and the default judgment was improper. The sole basis of this argument was the failure of appellee's counsel to sign the notice to plead; both appellee and his counsel had signed the complaint and the backer of the complaint listed counsel's name and business address. Although the Rules of Civil Procedure nowhere specifically require counsel to sign the notice to plead, we think that the better practice is for counsel to sign the notice to plead. However, we are of the opinion that a default judgment should not be stricken for this de minimis error. Since the obvious purpose of this requirement—notification to a defendant's counsel of opposing counsel's name and address— was served by the printed backer, we believe the court properly dismissed this argument. Indeed, this entire argument can be questioned in light of the correspondence requesting a "reasonable extension of time to answer or otherwise move."

Decree affirmed. Each party to pay own costs.

The former Mr. Chief Justice BELL and the former Mr. Justice BARBIERI took no part in the consideration or decision of this case.