374 A.2d 1302

**Frank PATTINATO and Angeline Pattinato, his wife, Appellants,**

**v.**

**Robert MOODY and Frank Wudkwych, Individually, and t/d/b/a M & W Construction Company, Appellees.**

Superior Court of Pennsylvania.

Submitted Nov. 10, 1976.
Decided June 29, 1977.

Louis B. Loughren, Pittsburgh, for appellants.

Bruce R. Martin and Arthur L. Bloom, Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellants contend that the lower court erred in striking a July 19, 1974 default judgment entered against appellee-Moody and a March 12, 1976 default judgment entered against appellees Wudkwych and M & W Construction Company. We agree as to appellee-Moody, but hold that the lower court properly struck the judgment entered against appellees Wudkwych and M & W Construction Company.

34

Appellants filed a complaint in trespass on June 21, 1973.[1] After several unsuccessful attempts at service, the Sheriff of Washington County served appellee-Moody on April 24, 1974. When Moody failed to enter an appearance or to file an answer, the prothonotary entered a default judgment against him on July 19, 1974. At the same time, appellants were attempting to serve appellee Wudkwych. The docket reveals that Wudkwych was served on July 18, 1974, by service on the Secretary of the Commonwealth. On August 2, 1974, Bruce Martin, Esquire, filed a "Motion to Strike or to Open Judgment and Motion to Stay Proceedings" in which he recited the facts surrounding the entry of the default against Moody and then stated:

"6. The file of the insurer, Motorists Mutual Insurance Company, contains nothing indicative of notice that Robert Moody was served with anything on April 24, 1974, or at anytime prior to July 30, 1974, although, as previously indicated, counsel learned, on July 31, 1974, that a default judgment had been entered against Robert Moody based on purported service on Robert Moddy on April 24, 1974.

"7. Under the circumstances, counsel is placed in a dilemma which may involve a conflict of interest, and which certainly requires time to resolve, in that:

"(a) If Robert Moody was served with Notice of Suit and Complaint and failed from April 24, 1974, to July 19, 1974, to inform his insurance carrier, at which time a default judgment was entered against him, he is in violation of the provisions of his insurance policy and has forfeited his right to a defense thereunder.

"(b) If there is some innocent explanation for Robert Moody's apparent breach of his obligation to his insurance carrier, he is entitled to an opportunity to present that explanation to the Court.

1. Appellants, husband and wife, alleged in their complaint that on November 28, 1972, the appellees excavated a ditch, and while lowering appellant-husband into the hole on the shovel of a backhoe, "the excavation began to fail and caused Plaintiff's hands to be crushed." They further alleged that the injuries were proximately caused by appellees' negligence.

"(c) Although counsel is retained by the insurance company and is only authorized by it to represent Robert Moody if the latter is not in default, he would seem to be the only attorney in a position to raise promptly the question of whether or not the default judgment against Moody should be stricken or opened, pending notification to Moody to employ his own counsel.

"(d) The question also arises as to the effect of Robert Moody's apparent breach of obligation to this insurance company on the latter's obligation, or lack thereof, to defend and indemnify the other defendants, Frank Wudkwych and M & W Construction Company, and, under the circumstances, Frank Wudkwych and M & W Construction Company would seem to be entitled to time to employ their own counsel, and the Court should grant a stay in the proceedings so that they may not be subject to a default judgment pending resolution of these problems.

"WHEREFORE, without prejudice to Motorists Mutual Insurance Company's right to deny coverage and to deny any obligation to defend, and reserving all rights of Motorists Mutual Insurance Company, Counsel respectfully requests that all proceedings be stayed pending disposition of a Motion to Strike or to Open the Judgment entered against Robert Moody on July 19, 1974, and that the other defendants, Frank Wudkwych and M & W Construction Company be given until twenty days after disposition of the Motion to Strike or to Open to appear and defend."

On December 10, 1975, appellants filed a petition for a rule to show cause why judgment for want of an appearance or answer should not be entered against appellees and the case listed for trial at which the issue would be limited to damages. The court issued the rule on December 15, 1975. When appellants became aware that they had inadvertently captioned the complaint by naming Robert "Moddy", instead of Robert Moody, as a defendant, they petitioned the court to issue a rule to show cause why the caption should not be amended to reflect the correct name of the defendant. On

December 16, 1975, the court issued the rule. The court never decided whether the amendment was proper.

On January 23, 1976, appellees filed an answer to the rule to show cause why judgment should not be entered. Subsequently, appellee-Moody[2] petitioned the court to open the default judgment entered on July 19, 1974. On March 18, 1976, appellee-Wudkwych filed a motion to strike the default judgment. He alleged that on August 2, 1974, counsel filed a motion to strike the judgment and to stay proceedings and filed an appearance card. Further, counsel alleged that:

". . . 5. At the pretrial, plaintiffs' counsel sought to have the pretrial Judge pass on a Petition for Rule To Show Cause Why Judgment For Want Of An Appearance Or Answer Should Not Be Entered And Case Listed For Trial At Which The Issue Shall Be Limited To The Amount of Damages, defense counsel opposed the proposed procedure, and the Judge, Barry, J., entered an Order striking the case from issue until such time as that Petition and Defendants' Motions To Strike Or Open Judgment and Motion To Stay Proceedings were disposed of by the Assignment Room Judge.

"6. Neither Plaintiffs' Petition nor Defendants' Motions have been disposed of by the Assignment Room Judge. . .

"9. The action of the Prothonotary in entering judgment on March 12, 1976, against Frank Wudkwych and M & W Construction Company for want of an Answer or Appearance is contrary to law and to the Rules of Court, and it must be stricken."

Finally, on April 6, 1976, the lower court acted on the petition to strike which attorney Martin had filed on August 2, 1974. The lower court entered the following order:

"And now this sixth day of April, 1976, after argument and upon due consideration; it is ordered, adjudged and decreed that the Motion filed on August 2, 1974 to strike the

2. The motion to open the default judgment was filed by another attorney than Martin, who filed the August 2, 1974 motion to strike the judgment. After the motion was struck, Martin resumed representation of Moody for purposes of this appeal.

judgment entered July 19, 1974 in favor of plaintiffs and against Robert Moody is granted, and said judgment is hereby stricken; and, it is further ordered, adjudged and decreed that the Rule entered on March 18, 1976, to show cause why the judgments entered by the Prothonotary, on praecipe of plaintiffs, against Frank Wudkwych and M & W Construction Company on March 12, 1976, is made absolute, and said judgments are hereby stricken." Thus, the court never considered whether the judgments should have been opened. This appeal followed.

## I

Initially, we must decide whether the lower court erred when it struck the judgment entered against appellee-Moody. We note that the only motion to strike was filed by attorney Martin on August 2, 1974, despite the fact that Martin did not claim to represent the appellee at that time. Long after the August 2, 1974 motion, appellee-Moody, represented by new counsel, filed a petition to open the default judgment.

It is beyond question that a motion to strike a judgment is proper only upon a finding that a fatal defect exists on the face of the record; further, judgment cannot be stricken if the record is self-sustaining. See, e. g., *Malakoff v. Zambar, Inc.,* 446 Pa. 503, 288 A.2d 819 (1972); *Cameron v. Great Atlantic & Pacific Tea Co., Inc.,* 439 Pa. 374, 266 A.2d 715 (1970); *Linett v. Linett,* 434 Pa. 441, 254 A.2d 7 (1969); *Washington County Controller's Case,* 427 Pa. 631, 235 A.2d 592 (1967); *Fourtees Co. v. Sterling Equipment Corporation,* 242 Pa.Super. 199, 363 A.2d 1229 (1976); *Fleck v. McHugh,* 241 Pa.Super. 307, 361 A.2d 410 (filed June 28, 1976); *Franklin Interiors, Inc. v. Browns Lane, Inc.,* 227 Pa.Super. 252, 319 A.2d 682 (1974). The only question in the instant case is whether appellants' erroneous spelling of "Moody" in their complaint was a fatal defect. We think not. Rule 1033, Pa.R.C.P., provides that "[a] party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. . . ." Our rules allow

liberal amendment of the pleadings, especially when a defect is merely formal. *Saracina v. Cotoia,* 417 Pa. 80, 208 A.2d 764 (1965); 2A Anderson Pa. Civil Practice, 401–03; 1 Goodrich-Amram § 1033–1; 3 Standard Pa. Practice (Revised) 659. As we recently noted in *Cianchetti v. Kaylen,* 241 Pa.Super. 437, 441, 361 A.2d 842, 843–844 (filed June 28, 1976): "An amendment of the complaint, after the statute of limitations has run, to bring in a *new and distinct party* to the action cannot be permitted. . . . [citations omitted]. The operative test, therefore, is ' ". . . whether the right party was sued but under a wrong designation or whether a wrong person was sued and the amendment was designed to substitute another and distinct party." ' *Paulish v. Bakaites,* [442 Pa. 434, 440, 275 A.2d 318, (1971)], quoting *Gozdonovic v. Pleasant Hills Realty Co.,* 357 Pa. 23, 27, 53 A.2d 73 (1947)". Instantly, it is obvious that the right party was being sued and, therefore, the lower court should have granted appellants' motion to amend the caption of their complaint. The court failed to act on appellants' motion at all. With the record properly amended, it is clear that striking the judgment was improper. We, therefore, reverse the lower court's order and remand the case for further proceedings.[3]

## II

The lower court also struck the default judgment entered against appellee-Wudkwych. Whether the court correctly struck that judgment stands on different footing from the question concerning appellee-Moody, and we affirm that order.

On August 2, 1974, after the default judgment against appellee-Moody had been entered, attorney Martin filed a motion to strike or to open the judgment as to Moody and a motion to stay proceedings against appellee-Wudkwych. The appellants contend that this document did not amount

3. We express no view concerning the proper disposition of appellee-Moody's petition to open the judgment. There is no question that the complaint was served. Appellee attempts to excuse the failure to file an entry of appearance by alleging that his wife received the papers, but that due to emotional difficulties, she did not give her husband the papers.

to an entry of appearance on behalf of Wudkwych, and that, therefore, it was proper to enter a default judgment against Wudkwych for failure to answer.

■ We disagree. Rule 1045(a), Pa.R.C.P., governing the filing of responsive pleadings in actions in trespass provides that "[a] party who fails to file a responsive pleading shall be deemed to admit all averments relating to the identity of the person by whom a material act was committed, the agency or employment of such person or the ownership, possession or control of the property or instrumentality involved. All other averments shall be deemed to be denied." That is, a defendant in an action in trespass need not file an answer. Rule 1047(a) provides that a default judgment may be entered if the defendant has "neither pleaded to the complaint nor appeared at any time in the action. . . ." In a case closely analogous to the instant case, we recently noted that " '. . . the piece of paper denominated an "appearance" does no more than designate an address in the county [now Commonwealth] where papers may be served; it serves no other function in assumpsit. In trespass it continues to serve the additional function in that it prevents a judgment by default.' *Goodrich-Amram, Standard Pennsylvania Practice*, Rule 1045, Commentary on the 1965 Amendments, at 546 (1976 Supp.) . . . .

" '. . . By denying the motion to strike, the court deprived appellant of his only opportunity to defend the underlying cause of action, solely because his original attorney neglected to file a piece of paper stating 'Please enter my appearance on behalf of the defendants.' Yet everything that could possibly be contained in an entry of appearance, the name and address of the attorney, was easily obtained from the preliminary objections . . . . To hold that appellant never 'appeared at any time in the action' . . . would be an unwarranted elevation of form over substance. The prosecution of appellee's claim was not hindered by the failure of counsel to file a virtually meaningless slip of paper. . . . Under Rule 1047(a), therefore, the Prothonotary was without authority to enter

the judgment. The motion to strike should not have been denied on the basis that appellant had never entered an appearance." *Fleck v. McHugh, supra,* 241 Pa.Super. at 314, 361 A.2d at 413. See also, *Monaco v. Montgomery Cab Co.,* 417 Pa. 135, 208 A.2d 252 (1965).

*Fleck v. McHugh,* is persuasive authority in the instant case. Although counsel did not enter a formal appearance,[4] the document which he filed served the same purpose as did the preliminary objections in *Fleck.* Appellants argue that the document was ambiguous on the issue of whether Martin represented appellee-Wudkwych at all and, therefore, could not be construed as an entry of appearance on Wudkwych's behalf. The precise nature of the August 2 pleading is not dispositive. The record appeared as follows when the lower court decided to strike the judgment against Wudkwych: Wudkwych was served on July 18, 1974; within the time allowed for an answer, the docket showed a motion to stay the proceedings; with that motion undecided, the Prothonotary entered a default judgment against Wudkwych. Based on that state of the record, entry of the default judgment was erroneous and the lower court acted properly in striking the judgment.

Therefore, we affirm the order of the lower court insofar as it struck the default judgment against appellees Wudkwych and M & W Construction Company. However, we reverse the court's order insofar as it struck the judgment against appellee-Moody.

VAN der VOORT, J., files a concurring opinion.

VAN der VOORT, Judge, concurring:

I join in the Opinion authored by Judge HOFFMAN with the understanding on my part that we are affirming the Order of the Court below with respect not only to Frank Wudkwych, but also with respect to M & W Construction Company and with the understanding on my part that the

4. In fact, during the proceedings, counsel did allege that he filed the appropriate card signifying the entry of his appearance on behalf of appellees.

case is remanded both for consideration and decision of Robert Moody's Petition to Open the Judgment against him and for further proceedings consistent with our Opinion.