378 A.2d 422

**Joan D. JAMES and Julian James**

v.

**Horace REESE, Appellant.**

Superior Court of Pennsylvania.

Argued June 15, 1977.

Decided Oct. 6, 1977.

2

Richard J. Harcar, Philadelphia, for appellant.

No appearance entered nor brief submitted for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court should have stricken or opened the default judgment entered against him because service was improper. We find no defect on the fact of the record and, therefore, affirm the lower court's refusal to grant the petition to strike. Moreover, we find no abuse of discretion in the lower court's refusal to grant the petition to open because appellant failed to file a prompt petition to open judgment.

On September 11, 1974, appellees, Joan and Julian James, filed a complaint in trespass against appellant alleging that he negligently operated his automobile and, thereby, caused severe bodily injury to Mrs. James and property damage to her car. On or about October 10, 1974, the sheriff notified appellee that appellant could not be found at 1646 Wynsam Street, Philadelphia, the address specified in the complaint. On December 11, 1974, appellees reinstated their complaint and served appellant by substituted service upon the Secretary of the Commonwealth and upon appellant by certified mail, return receipt requested, pursuant to Rules 2076–2100, Pa.R.C.P.; 12 P.S. Appendix. On December 14, 1974, the post office returned a receipt for a copy of the complaint signed by Marva Stewart.

On May 5, 1975, appellees sent a certified letter to appellant at the 1646 Wynsam Street address notifying him of their intention to take a default judgment. The post office returned the letter, marked unclaimed, with a stamped notation indicating that the postman left notices on May 7, 12, and 22. On May 30, appellees filed a praecipe for judgment together with an affidavit that they had sent appellant a certified letter of their intention to take judgment by default; the prothonotary entered judgment by default that same day. Appellant did not appear at the arbitration hearing scheduled for September 23, 1975, for the purpose of assessing damages, despite the fact that the arbitration chairman sent a notice to appellant's last known address. On September 24, 1975, the chairman of the Board of Arbitration mailed a copy of the panel's award to the

appellant: "Award in favor of plaintiff Julian James against defendant in the amount of $517.25. Award in favor of Plaintiff Joan James against defendant in the amount of $2,500."

On June 8, 1976, the Pennsylvania Department of Transportation, Bureau of Traffic Safety, mailed appellant a notice that his driving privileges were being suspended for failure to satisfy the judgment entered in the foregoing matter. Appellant received the revocation notice at his home address, 1646 Wynsam Street, Philadelphia. On October 1, 1976, appellant filed a petition to "Strike Off or Open Judgment", which alleged that he has continuously resided at 1646 Wynsam Street during the pendency of this action, that this fact was known to the appellees, and that the sheriff made an insufficient effort to discover appellant's whereabouts. Appellant argued that appellees' resort to substituted service was unwarranted because he never attempted to conceal himself. See, e. g., *Gonzales v. Polis*, 238 Pa.Super. 362, 357 A.2d 580 (1976). He contended, therefore, that the court was without personal jurisdiction and that, consequently, the judgment was void.

On December 1, 1976, appellees answered the petition alleging that appellant had concealed his whereabouts. Appellees attached a copy of the sheriff's notice which indicated appellant was not served at the address contained in the complaint because he was "unknown at [the] address". In a memorandum of law appended to their answer, appellees argued that appellant's petition should be denied as untimely. No depositions were filed. The lower court agreed and, therefore, denied appellant's petition [1] on December 1, 1976.

---

1. The lower court appears to have treated appellant's petition solely as a petition to open. Although the distinctions between a petition to open and a petition to strike are important, the two forms of relief are sometimes confused. See, e. g., *Fourtees Co. v. Sterling Equipment Corporation*, 242 Pa.Super. 199, 363 A.2d 1229 (1976). Because we can determine the merits of appellant's petition to strike by direct inspection of the record, we do not need to remand the case for consideration of the petition to strike.

■ It is well settled that a petition to strike off a judgment is proper only upon a finding that a fatal defect exists on the face of the record; further, judgment cannot be stricken if the record is self-sustaining. See, e. g., *Malakoff v. Zambar, Inc.*, 446 Pa. 503, 288 A.2d 819 (1972); *Cameron v. Great Atlantic and Pacific Tea Co., Inc.*, 439 Pa. 374, 266 A.3d 715 (1970); *Linett v. Linett*, 434 Pa. 441, 254 A.2d 7 (1969); *Washington County Controller's Case*, 427 Pa. 631, 235 A.2d 592 (1967); *Pattinato v. Moody*, 248 Pa.Super. 32, 374 A.2d 1302 (1977); *Fourtees Co. v. Sterling Equipment Corporation*, 242 Pa.Super. 199, 363 A.2d 1229 (1976); *Fleck v. McHugh*, 241 Pa.Super. 307, 361 A.2d 410 (1976).

■ The first question in the instant case is whether there exists a defect in the record because appellant was amenable to personal service. Because we cannot resolve the question without resort to facts *de hors* the record, we must sustain the lower court's refusal of the petition to strike judgment.

■ A lower court's disposition of a petition to open a default judgment will not be disturbed in the absence of a clear, manifest abuse of discretion. *Pappas v. Stefan*, 451 Pa. 354, 304 A.2d 143 (1973); *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971); *Barron v. William Penn Realty Co.*, 239 Pa.Super. 215, 361 A.2d 805 (1976). In determining whether the lower court abused its discretion, we must consider three factors: (1) the promptness with which the petition was filed, (2) whether the default was reasonably explained, and (3) whether a defense on the merits has been shown. *Barron v. William Penn Realty Co.*, supra. We have held that a petitioner need not show a defense on the merits to a complaint in trespass in order to open a default judgment, if the equities are otherwise clear. See *Kraynick v. Hertz*, 443 Pa. 105, 277 A.2d 144 (1971); *Beam v. Carletti*, 229 Pa.Super. 168, 323 A.2d 180 (1974).

■ In the instant case, we find that appellant's delay in filing the petition to open judgment was fatal. Judgment was entered May 30, 1975. Although appellant had numerous opportunities to apprise himself of the pendency of the

proceedings by simply accepting one of the several certified letters, he failed to do so. At the very latest, the June 8, 1976 license revocation notice explicitly informed appellant of the fact that a judgment had been entered. Nevertheless, appellant failed to take any action for the next four months. Under the circumstances we find no abuse of discretion in refusing to open judgment.

Order affirmed.