385 A.2d 1324

**In re ESTATE of Francis J. McCAULEY, Deceased.**

**Appeal of Charlotte McCAULEY, Administratrix and Heir.**

Supreme Court of Pennsylvania.

Argued Jan. 13, 1978.

Decided April 28, 1978.

84

Michael J. Pepe, Jr., Philadelphia, for appellant.

Yale B. Bernstein, Stanley Bashman, Philadelphia, for appellees, Francis J. Foley and Philadelphia Police and Fire Federal Credit Union.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

Francis J. McCauley died intestate on May 12, 1974, and letters of administration were granted to his widow, Charlotte McCauley, the present appellant. Among the assets in the decedent's estate was a credit balance of $2,222.95 in an account which decedent had with the Philadelphia Police and Fire Credit Union, the appellee herein (Credit Union). Payment of this balance to the estate was requested but refused, whereupon a citation was issued to Credit Union to show cause why the proceeds should not be paid over to Charlotte McCauley as administratrix. The citation went unheeded, with neither an appearance nor an answer filed thereto, and, on July 14, 1975, the orphans' court division ordered that payment be made to the estate. Three months later, on

October 15, 1975, appellee Credit Union filed a petition to strike the decree directing payment to the estate. The petition alleged that the decedent had executed a designation of beneficiary form which required Credit Union to pay the fund to decedent's son, Michael McCauley. A rule to show cause was granted forthwith, but was not served upon appellant until January 30, 1976. Thereafter, an answer containing new matter was filed by the administratrix and a reply to the new matter by Credit Union. On April 1, 1976, apparently without a hearing, the trial court granted the petition to strike.[1] The present appeal followed,[2] and we now reverse.

As this Court has often noted, a motion to strike a judgment or decree is the proper procedure to be followed

1. The decree of the court was as follows:

   "AND NOW, April 1st, 1976, the Order entered by Bruno, J., dated April 18, 1975, is hereby vacated and set aside, without prejudice. Leave is granted to Charlotte McCauley, Administratrix of the Estate of Francis J. McCauley, deceased, to file an amended petition for citation directed to Michael C. McCauley and Philadelphia Police and Fire Federal Credit Union to show cause why the funds in account no. 052718–01 should not be paid to her."

2. We hear this appeal pursuant to the provisions of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 223, art. II, § 202, 17 P.S. § 211.202(3).

   Appellee Credit Union has moved to quash this appeal on the ground that it is interlocutory. This argument is based upon appellee's position that the April 1 decree of the trial court simply granted permission to interplead Michael McCauley. We disagree. As a prerequisite to adding parties to the present litigation, it was necessary for the court first to strike or open the existing judgment so that the additional party might be joined. This the decree of April 1 did, although using the words "vacated and set aside" instead of the word "strike" or "stricken". The grant or refusal of a motion to strike or open a judgment is unquestionably an appealable order, made so by statute. See the Act of May 20, 1891, P.L. 101, § 1, 12 P.S. § 1100, which provides:

   "In all cases of application for the opening, vacating and striking off of judgments of any kind, whether entered by amicable confession, upon warrant of attorney or otherwise, any party aggrieved by the decision of the court opening, vacating or striking off or the refusal to open, vacate or strike off such judgment, may appeal therefrom to the supreme court of this commonwealth and such case shall thereupon be heard, reviewed and decided upon such

"by one who complains of fatal irregularities appearing on the face of the record:" *Cameron v. Great A & P Tea Co., Inc.,* 439 Pa. 374, 379, 266 A.2d 715, 717 (1970). See also *Linett v. Linett,* 434 Pa. 441, 254 A.2d 7 (1969); *Washington County Controller's Case,* 427 Pa. 631, 235 A.2d 592 (1967); *Mountain City Sav. & Loan Assoc. v. Bell,* 413 Pa. 67, 197 A.2d 608 (1963). Where, however, the claim is that a judgment or decree, for reasons not appearing of record, should not have been entered, the proper remedy is not a motion to strike but a motion to open the judgment. *Malakoff v. Zambar, Inc.,* 446 Pa. 503, 288 A.2d 819 (1972); *Northway Village No. 3, Inc. v. Northway Properties, Inc.,* 430 Pa. 499, 244 A.2d 47 (1968); *Matlock v. Lipare,* 243 Pa.Super. 167, 364 A.2d 503 (1976). In the case at bar Credit Union, as a defense to the original petition of the administratrix that the amount owing by Credit Union be paid to her, now belatedly asserts the existence of evidence *dehors* the record, viz., a designation of beneficiary form executed by the decedent. It is not alleged that the judgment is void or for any reason invalid; it is alleged that there exists a defense on the merits. Having failed to raise this matter at the proper time, appellee should have sought permission to do so out of time by means of a petition to open the judgment, in which the equities of the situation would be set forth. See *DeRose v. Lombardi,* 413 Pa. 258, 196 A.2d 336 (1964); *Prestressed Structures, Inc. v. Bargain City, U.S.A.,* 413 Pa. 262, 196 A.2d 338 (1964). Because the judgment was valid and enforceable on its face, it was error to grant the motion to strike.

Appellee Credit Union nevertheless argues that the lower court had the power to open the default judgment, that it properly did so, in the interests of justice and that an appellate court should not interfere with the lower court's exercise of discretion. We are in effect asked to view the decree appealed from as pertaining to a motion to open rather than a motion to strike a judgment, and, so doing, to affirm. It is true that there is some authority for the

appeal by the supreme court, in like manner as appeals from final decrees to the said supreme court."

proposition that a court may in a proper case treat a motion to strike as though it were a motion to open. See *Whatley v. Baynard,* 437 Pa. 498, 264 A.2d 721 (1970); *Mazer v. Sargent Electric Co.,* 407 Pa. 169, 180 A.2d 63 (1962); *Blank & Gottschell Co. v. First National Bank,* 355 Pa. 502, 50 A.2d 218 (1947). *But see Malakoff v. Zambar, Inc.,* 446 Pa. 503, 288 A.2d 819 (1972); *Kros v. Bacall Textile Corp.,* 386 Pa. 360, 364, n.1, 126 A.2d 421, 423, n.1 (1956). Assuming, *arguendo,* that this is a case in which it would be proper to consider the trial court's ruling as pertaining to a motion to open, the appellee would not be helped. To support the opening of a judgment or decree it must appear that (1) the petition seeking this relief was promptly filed; (2) the failure to appear or respond was excusable; and (3) a meritorious defense exists. *Broad Mountain Club, Inc. v. Lazur,* 461 Pa. 668, 337 A.2d 599 (1975); *Pappas v. Stefan,* 451 Pa. 354, 304 A.2d 143 (1973); *Carney v. Sado,* 450 Pa. 118, 299 A.2d 231 (1973); *Balk v. Ford Motor Company,* 446 Pa. 137, 285 A.2d 128 (1971). While appellee's petition does allege a possible meritorious defense, the petition makes no attempt to explain why the Union failed to appear or respond to the original citation issued by the orphans' court.[3] Furthermore, in light of Credit Union's three month delay in filing its petition to strike and the subsequent three month delay in serving that pleading and the rule to show cause issued thereon, it is highly unlikely that the present petition would qualify as "timely." See, e. g., *Pappas v. Stefan,* 451 Pa. 354, 304 A.2d 143 (1973); *Kramer v. Philadelphia,* 425 Pa. 472, 229 A.2d 875 (1967); *Kabanow v. Kabanow,* 239 Pa.Super. 23, 361 A.2d 721 (1976).

The decree of the orphans' court division granting appellee's motion to strike is reversed and the court below is directed to reinstate the judgment on the record.

Costs on appellee.

ROBERTS, J., filed a dissenting opinion.

---

**3.** The record establishes that Credit Union was timely served with a copy of the original citation to show cause why the proceeds of the Union account should not be paid over to the estate.

ROBERTS, Justice, dissenting.

I dissent. The majority, in reversing the decree of the Orphans' Court Division vacating judgment without prejudice so that all real parties in interest may be made a party to the proceedings, loses sight of the fact that orphans' court proceedings are basically equitable in nature and are to be conducted accordingly. See Orphans' Court Rule 3.1; Cf. *Smith v. Dale*, 405 Pa. 293, 175 A.2d 78 (1961) (action in assumpsit). The propriety of relief is therefore to be determined on the basis of equitable principles. The scope of our review in such instances is limited to the question of whether the action of the orphans' court constituted an abuse of discretion. *Smith v. Dale*, supra.

Here, the orphans' court, while noting that the carelessness and negligence of the Credit Union caused the present confusion, nevertheless determined that the interests of justice required that the son, the real party in interest, be before the Court prior to proceeding further. I cannot conclude that this was an abuse of discretion. The funds in the Credit Union account have not yet been distributed. The orphans' court carefully provided that its action was without prejudice to appellant's right to file an amended petition for citation to all real parties in interest to show cause why the funds held by the Credit Union should not be paid to her. Appellant may now proceed to prove her entitlement to the funds. The action of the orphans' court, unlike the majority opinion, allows the determination of who is entitled to the funds decedent had deposited with the Credit Union to be made in a single proceeding. Thus, I dissent and would affirm the action of the Orphans' Court Division.